MIKEAL ASHPOLE *et al.*, Plaintiffs-Appellants, v. BRUNSWICK BOWLING AND BILLIARDS CORPORATION, Indiv. and d/b/a Brunswick Deer Park Lanes, *et al.*, Defendants-Appellees.

Second District   No. 2—97—0811

Opinion filed July 20, 1998.—Rehearing denied August 17, 1998.

Michael H. Postilion and Catherine Postilion, both of Michael H. Postilion, Ltd., of Chicago, for appellants.

Nancy G. Lischer, Gary W. Klages, and Timothy G. Shelton, all of Hinshaw & Culbertson, of Chicago, for appellees.

JUSTICE INGLIS delivered the opinion of the court:

This case arose when plaintiff Mikeal Ashpole slipped and fell at a bowling alley owned and operated by defendants, Brunswick Bowling & Billiards Corporation and Rick Barbera. Mikeal and his wife, Dawn Ashpole (collectively, plaintiffs), brought an action for personal injuries and loss of consortium. Following a jury verdict in favor of defendants, plaintiffs appeal the order of the circuit court of Lake County denying their posttrial motion. Plaintiffs contend that, as a sanction for discovery violations, the testimony of Patricia Baughn should have been precluded or stricken. We reverse and remand for a new trial.

Concerning the facts in controversy, plaintiffs maintain that Mikeal fell and fractured his ankle when he slipped on some lane oil that contaminated the approach, the area from which the bowler throws his ball. Defendants maintain that Mikeal crossed over the foul line, got lane oil on his shoes, then slipped and fell. At trial, Patricia Baughn was the only defense witness who testified that she observed the accident.

During the course of discovery, plaintiffs filed interrogatories requesting, among other things, the identities of the witnesses to the

accident, the identities of the employees working at the time of the accident, and the identities of all persons who might possibly testify on behalf of defendants. Defendants disclosed Baughn as an employee on duty at the time of the accident, but she was never identified either as a witness or as a potential witness.

Plaintiffs admit that "Pat" was assisting them with the scoring computer as they began to bowl. After Mikeal fell, Dawn testified that she needed to call to "Pat" and other employees in order to get their attention.

Before trial, plaintiffs filed a motion *in limine* to bar the testimony of any witnesses not already disclosed by defendants. At the end of the second day of trial, defendants disclosed that they wished to call Baughn to testify. Plaintiffs objected off the record at that point because the court reporter had left for the day. The next morning, plaintiffs objected on the record to allowing Baughn to testify. Following her testimony, plaintiffs moved to strike her testimony, but the trial court denied their motion.

Plaintiffs filed a posttrial motion, seeking the entry of judgment in their favor or a new trial based on defendants' discovery violation. After hearing argument, the trial court denied plaintiffs' motion. Plaintiffs timely appeal.

On appeal, plaintiffs argue that the trial court erred by allowing Baughn's testimony into evidence. Plaintiffs contend that they were surprised and prejudiced by Baughn's testimony and that the trial court abused its discretion by failing to bar it, strike it, or declare a mistrial. We agree.

Preliminarily, we note that defendants do not argue that they did not violate Supreme Court Rule 213 (166 Ill. 2d R. 213). Accordingly, we are left with the question of what, if any, sanction is appropriate for defendants' violation of the rules of discovery.

■ Supreme Court Rule 219 (166 Ill. 2d R. 219) empowers the court to impose a number of sanctions, including barring a witness from testifying, for discovery violations. In determining whether the exclusion of a witness is a proper sanction for nondisclosure, the court must consider "(1) the surprise to the adverse party; (2) the prejudicial effect of the testimony; (3) the nature of the testimony; (4) the diligence of the adverse party; (5) the timely objection to the testimony; and (6) the good faith of the party calling the witness." *Curran Contracting Co. v. Woodland Hills Development Co.*, 235 Ill. App. 3d 406, 411 (1992). As the imposition of sanctions for the failure to comply with discovery rules lies within the trial court's discretion, we will not reverse the trial court's decision absent a clear abuse of discretion. *Blott v. Hanson*, 283 Ill. App. 3d 656, 661 (1996).

Plaintiffs were completely surprised by Baughn's testimony. Plaintiffs submitted interrogatories requesting, among other things, the identity of possible witnesses on January 19, 1996. Defendants' answer, submitted on March 18, 1996, did not list Baughn as a possible witness. Defendants provided supplemental answers to the interrogatories on December 12, 1996, and March 31, 1997, neither of which included Baughn as a possible witness. Defendants also failed to include Baughn as a possible witness on the pretrial statement. We conclude that this factor was strongly in favor of plaintiffs.

■ Defendants argue that plaintiffs had notice of Baughn's identity because she was listed as an employee who was present at the bowling alley at the time of the accident and was helping plaintiffs with the scoring computer. We note, however, that defendants listed three "Pats" as working at the time of the accident: Patti Baughn, Pat Gorski, and Pat Gunn. Additionally, defendants never identified any of these "Pats" as possible witnesses. While it is true that plaintiffs could have deposed all employees named "Pat," we nevertheless believe that plaintiffs were entitled to rely on defendants' answers to their interrogatories. Discovery is not a game; rather, our discovery rules require full and complete disclosure in order to promote the speedy and efficient resolution of cases. *Boettcher v. Fournie Farms, Inc.*, 243 Ill. App. 3d 940, 947 (1993). This includes the naming of potential witnesses.

The next two factors, prejudice and the nature of the testimony, favor plaintiffs. Baughn was the only defense eyewitness to Mikeal's accident. Her testimony was relevant, material, and not cumulative to that of the other defense witnesses; it embodied defendants' theory of the case, that Mikeal crossed the foul line and slipped. We cannot say that the jury still would have returned a defense verdict in the absence of Baughn's testimony.

Defendants argue that the testimony is cumulative and not prejudicial. We disagree. We emphasize the fact that this was purportedly eyewitness testimony. Baughn stated that she saw Mikeal cross over the foul line into the oiled part of the lane. Then she saw him slip and fall. The other defense witnesses provided only circumstantial evidence to support the defendants' theory, such as where Mikeal landed and where oil streaks were located. Thus, because Baughn's testimony is unique, it is not cumulative; and because it is the only affirmative, noncircumstantial defense account of the accident, it is clearly prejudicial.

Defendants also contend that, because the trial court determined that plaintiffs' cross-examination was effective at impeaching Baughn's credibility, plaintiffs were not prejudiced. To what extent, if

any, Baughn's credibility was impeached by plaintiffs' cross-examination was for the jury to decide. We will not indulge in speculating, based on the cold, lifeless record before us, about what weight the jury accorded Baughn's testimony. We are only able to say that, had Baughn been precluded from testifying, we do not know what the outcome would have been.

The next factor to consider is plaintiffs' diligence in pursuing Baughn's identity. Plaintiffs asked for the identities of all occurrence witnesses and deposed all the individuals defendants identified. Defendants never identified Baughn as a potential witness in their answers or supplements to plaintiffs' discovery requests. We believe that plaintiffs were diligent in seeking out Baughn's testimony before trial.

Defendants argue that, because plaintiffs admit that "Pat" was helping them, and "Patti Baughn" was disclosed as an employee working at the relevant time, plaintiffs were dilatory in discovering Baughn's testimony. We disagree. Plaintiffs were entitled to rely on defendants' disclosure of potential witnesses. Not until the end of the second day of trial, after the court reporter had left for the evening, did defendants announce their intention to call Baughn as a witness. Based on these facts, we cannot conclude that plaintiffs' failure to discover Baughn's testimony before trial was attributable to a lack of diligence. We find that this factor favors plaintiffs.

The fifth factor to consider is the timeliness of plaintiffs' objection. Here, plaintiffs objected as soon as defendants announced their intention to call Baughn as a witness. Plaintiffs also moved to strike the testimony and raised the issue in their posttrial motion. We find that plaintiffs' objection was timely and preserved the error.

The final factor to consider is defendants' good faith in calling Baughn as a witness. The record indicates that Baughn was not disclosed as a witness until after trial had commenced. It further indicates that three days before trial defense counsel had contacted Baughn about testifying. Defense counsel indicated, after the second day of trial, that Baughn would be called to testify the next day. Defense counsel's affidavit states that he learned of the substance of Baughn's testimony at noon on the third day of trial. According to defense counsel, then, he determined to call Baughn to testify before he knew what she would say. The record clearly demonstrates that defendants acted in bad faith. This factor also weighs heavily in favor of plaintiffs.

■ We find that all of the factors weigh in favor of precluding Baughn's testimony. We therefore hold that the trial court abused its discretion by allowing Baughn to testify. Because we cannot say that

Baughn's testimony had no effect on the outcome of the trial, this case must be remanded for a new trial. As a sanction for defendants' discovery violations, Baughn will be precluded from testifying on remand.

For the foregoing reasons, the judgment of the circuit court of Lake County is reversed and the cause remanded for further proceedings consistent with this order.

Reversed and remanded.

GEIGER, P.J., and DOYLE, J., concur.