No. 2--00--1302

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

GEORGE C. ATHANS,             ) Appeal from the Circuit Court

                              ) of McHenry County.

     Plaintiff-Appellee,      )

                              )

v.                            ) No. 99--SC--1693         

                              ) 

G. JOSH WILLIAMS,             ) Honorable                  

                              ) Michael T. Caldwell,

Defendant-Appellant.     ) Judge, Presiding.

_________________________________________________________________

JUSTICE McLAREN delivered the opinion of the court:

Defendant, G. Josh Williams, appeals (1) the trial court's order barring him from testifying as a witness as a sanction pursuant to Supreme Court Rule 219 (166 Ill. 2d R. 219) and (2) the resultant judgment entered against him in the amount of $4,932.83 plus costs.  We reverse and remand.

On September 15, 1999, plaintiff, George C. Athans, filed a small claims complaint seeking repayment on a loan to defendant in the amount of $4,932.83.  Since the complaint was filed in small claims, it contains no information concerning the nature of the debt.  From the information that can be gleaned from the record, it appears that plaintiff employed defendant and that the debt at issue concerned sums of money plaintiff allegedly paid to defendant in three separate transactions.  On November 29, 1999, the parties were granted leave to conduct discovery pursuant to Supreme Court Rules 213 and 214 (177 Ill. 2d R. 213; 166 Ill. 2d R. 214).

On March 10, 2000, defendant answered an interrogatory posed by plaintiff, among others, as follows:

"Pursuant to Illinois Supreme Court Rule 213(f), provide the name and address of each witness who will testify at trial and state the subject of each witness' testimony.

ANSWER: Josh Williams."

Defendant also provided plaintiff with 69 pages of information in response to a request to produce documents.  

The case proceeded to trial on August 11, 2000.  There is no transcript of the proceeding.  Nevertheless, it appears from the record that plaintiff testified in his case in chief.  When defendant took the stand in his case in chief, plaintiff moved to bar him from testifying because the subject matter of his testimony was not provided in his answer to the interrogatory cited above.  The trial court entered an order barring defendant from testifying.  Defendant had no other witnesses, and the trial court entered judgment in favor of plaintiff in the amount of $4,932.83 plus costs.  Defendant appeals the trial court's order barring him from testifying as a witness and the judgment entered against him in the amount of $4,932.83.

Defendant first contends that the trial court abused its discretion by barring him from testifying at trial as a sanction pursuant to Supreme Court Rule 219 for his alleged failure to disclose the subject matter of his testimony as requested in plaintiff's Rule 213(f) interrogatory (177 Ill 2d R. 213(f)).  See 166 Ill. 2d R. 219.

Supreme Court Rule 213(f) provides that "[u]pon written interrogatory, a party must furnish the identity and location of witnesses who will testify at trial, together with the subject matter of their testimony."  177 Ill. 2d R. 213(f).  Rule 213(i) imposes on a party the continuing duty to supplement discovery responses, including the disclosure of new witnesses and proposed testimony, "whenever new or additional information subsequently becomes known to that party."  177 Ill. 2d R. 213(i).  Under the rules, to avoid surprise, a party has the obligation of disclosing the identity, location, and anticipated testimony of all witnesses who will testify at trial.

Here, the identity of defendant as the sole defense witness was properly disclosed in response to plaintiff's interrogatory.  Although defendant neglected to include the subject matter of his testimony in his answer to one particular question, his answers to other interrogatories posed by plaintiff indicate that plaintiff was apprised of his position and the facts he intended to rely on in his defense.  

Nevertheless, defendant does not address the issue of whether he violated Supreme Court Rule 213(f) but instead focuses on the sanction of barring him from testifying at trial.  Accordingly, without addressing the issue of whether defendant even violated Supreme Court Rule 213(f), we are left with the question of what, if any, sanction was appropriate for an assumed violation of the rules of discovery.

Supreme Court Rule 219 specifies the consequences for a litigant's refusal to comply with the rules or court orders regarding discovery.  166 Ill. 2d R. 219.  With respect to a party's failure to answer written discovery, Supreme Court Rule 219(a) provides as follows:

"[I]f a party fails to answer any interrogatory served upon him or her, or to comply with a request for the production of documents or tangible things or inspection of real property, the proponent of the question or interrogatory or the party serving the request may on like notice move for an order compelling an answer or compliance with the request.  If the court finds that the refusal or failure was without substantial justification, the court shall require the offending party or deponent, or the party whose attorney advised the conduct complained of, or either of them, to pay to the aggrieved party the amount of the reasonable expenses incurred in obtaining the order, including reasonable attorney's fees."  166 Ill. 2d R. 219(a).  

The supreme court rules on discovery are mandatory rules of procedure that courts and counsel must follow.  Supreme Court Rule 219(c) empowers the trial court to enter sanctions, including barring a witness from testifying, for a party's unreasonable failure to comply with the rules or court orders regarding discovery.  166 Ill. 2d R. 219(c)(iv); 
Ashpole v. Brunswick Bowling & Billiards Corp.
, 297 Ill. App. 3d 725, 727 (1998).  The imposition of sanctions for the failure to comply with discovery lies in the trial court's discretion.  See 
Warrender v. Milsop
, 304 Ill. App. 3d 260, 268 (1999).  The trial court's decision in fashioning such a remedy will not be reversed absent a clear abuse of discretion.  
Warrender
, 304 Ill. App. 3d at 268.

In determining whether the exclusion of a witness was a proper sanction for nondisclosure pursuant to Supreme Court Rule 213(f) or 213(g) (166 Ill. 2d R. 213 (g)), the court must consider the following factors: (1) the surprise to the adverse party; (2) the prejudicial effect of the testimony; (3) the nature of the testimony; (4) the diligence of the adverse party; (5) the timely objection to the testimony; and (6) the good faith of the party calling the witness.  
Boatmen's National Bank of Belleville v. Martin
, 155 Ill. 2d 305, 314 (1993); 
Warrender
, 304 Ill. App. 3d at 268; 
Ashpole
, 297 Ill.  App. 3d at 727.

Our review of the record indicates that plaintiff was apprised through defendant's answers to interrogatories, which were served five months before the case proceeded to trial, that defendant would testify at trial.  Although defendant's answer to question No. 13 cited above does not list the subject matter of his proposed testimony, there was no surprise or prejudice to plaintiff concerning the subject matter of defendant's testimony at trial.  Defendant's answers to other questions posed in the same set of interrogatories propounded by plaintiff list the defendant's address, his occupation, his employment with plaintiff's company, and his salary and bonus.  His answers also included the information that plaintiff issued a check for a final payment of a lease for a Mercedes-Benz vehicle used by defendant in 1995 and returned to the lessor, that he was given a Bonneville automobile as a bonus by plaintiff in 1996, and that he contended that these payments were gifts or bonuses paid by plaintiff during his employment.  Defendant also gave the information requested by plaintiff concerning a check payable to defendant drawn on plaintiff's account, including defendant's position that the check "was suppose [
sic
] to be a bonus in recognition of [his] work for Direct Dimensions and to provide [him] with some money to meet certain personal obligations in lieu of a formal raise of his salary, which the Athans [
sic
] did not believe they could afford at the time."  In addition, plaintiff indicates that defendant provided him with 69 pages of documents in response to his discovery requests.  

In striking defendant's testimony at trial, the trial court focused on the one interrogatory answer listing defendant as a witness, but ignored the remaining answers.  It is clear that defendant apprised plaintiff of his position that the payments by plaintiff were bonuses accrued during defendant's employment through his answers to other interrogatories posed by plaintiff in the same set of questions, answered on the same date, five months before the case proceeded to trial.  Given the information that defendant did disclose in his answers to interrogatories, to which plaintiff failed to raise any objection prior to trial, it is unreasonable for plaintiff to suggest that he was taken by surprise because he was unaware that defendant would be called as a witness or that defendant intended to testify that the payments made by plaintiff were work-related bonuses. 

Supreme Court Rule 213 was enacted to facilitate full and complete disclosure of witnesses and their testimony in advance of trial and to eliminate prejudice and surprise when new witnesses and testimony are adduced at trial without prior disclosure. Because plaintiff propounded interrogatories to defendant requesting the names of trial witnesses and their proposed testimony, defendant was obligated to provide this information to plaintiff in advance of trial.  Given the disclosures that were made by defendant in his answers to the interrogatories and to the request to produce documents five months prior to trial, to which plaintiff raised no objection until defendant took the stand at trial, the sanction of striking defendant's testimony 
in
 
toto
 was an abuse of discretion.  

Assuming a Supreme Court Rule 213(f) violation has occurred, an appropriate sanction by the trial court would have limited defendant to testifying as to those facts and the logical inferences from those facts that were previously disclosed in discovery.  Because the trial court's exclusion of defendant's testimony directly impacted on the trial court's judgment in favor of plaintiff in the amount of $4,932.83, the judgment must be reversed and the case remanded for a new trial.  On remand, defendant should be allowed to testify concerning those facts and the logical inferences from the facts contained in his answers to plaintiff's interrogatories and request for production of documents served in March 2000.  Likewise, defendant should be allowed to introduce documentary evidence, with proper foundation, that was similarly disclosed in discovery.  

Defendant further contends that he should be entitled to raise the issue of the statute of frauds as a defense concerning his alleged promise to pay plaintiff $2,500.  Plaintiff asserts that defendant has waived this issue for failing to raise the statute of frauds as a defense at trial.

Ordinarily, if a defendant wishes to assert an affirmative defense such as the statute of frauds at trial, he is required to specifically plead it so that the plaintiff is not taken by surprise.  735 ILCS 5/2--613(d) (West 2000).  If a party fails to plead an affirmative defense, he is deemed to have waived the defense, and it cannot be considered even if the evidence suggests the existence of the defense.   
Harvey v. McKinney
, 221 Ill. App. 3d 140, 142 (1991).  

However, the rules governing small claims actions differ.  Supreme Court Rule 286(a) provides that, if a defendant appears at the time the case is called for trial, "he need not file an answer unless ordered to do so by the court; and when no answer is ordered the allegations of the complaint will be considered denied and any defense may be proved as if it were specifically pleaded."  145 Ill. 2d R. 286(a).   

Defendant appeared for trial.  However, his testimony was barred as a discovery sanction.  Since he appeared at the time of trial and was not ordered to file an answer, he was entitled, pursuant to Supreme Court Rule 286(a), to prove any defense to the allegations of the small claims complaint as though it were specifically pleaded, including the statute of frauds.  On remand, defendant should be entitled to present evidence in an attempt to prove the defense of the statute of frauds.  

The judgment of the circuit court of McHenry County is reversed, and the cause is remanded to the trial court for further proceedings consistent with the opinion of this court.

Reversed and remanded. 

BYRNE and KAPALA, JJ., concur.