SECOND DIVISION
FILED: June 26, 2007

No. 1-06-0479

| | | |
|---|---|---|
| TERESA NEDZVEKAS, | ) | Appeal from the |
| | ) | Circuit Court of |
|    Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 03 L 001363 |
| | ) | |
| BARNETT FUNG, D.P.M., | ) | HONORABLE |
| | ) | ABISHI CUNNINGHAM, |
|    Defendant-Appellee. | ) | JUDGE PRESIDING. |

JUSTICE HOFFMAN delivered the opinion of this court:

The plaintiff, Teresa Nedzvekas, appeals from an order of the circuit court barring her from calling certain witnesses at trial and the court's subsequent order granting summary judgment in favor of the defendant, Dr. Barnett Fung, in this refiled medical negligence action. For the reasons which follow, we affirm the barring order, reverse the summary judgment granted in favor of the defendant, and remand this cause to the circuit court for further proceedings.

The facts relevant to the resolution of this appeal are undisputed.

On October 6, 2003, the plaintiff filed this action against the defendant, alleging that his negligent care and treatment of her feet resulted in severe pain, scarring, and deformity. After the plaintiff's initial counsel was granted leave to withdraw, new

counsel was retained and appeared on November 19, 2004.

At the case management conference held on December 27, 2004, the circuit court entered an order requiring the plaintiff to complete her written discovery and disclose her Rule 213(f)(1) (210 Ill. 2d R. 213(f)(1)) lay witnesses and Rule 213(f)(2) (210 Ill. 2d R. 213(f)(2)) independent-expert witnesses by January 28, 2005. The court set the next case management conference for February 14, 2005.

On February 14, 2005, the circuit court entered an order extending the deadline for the plaintiff to complete her written discovery and Rule 213(f)(1) and (2) disclosures until February 28, 2005. The order also required that the plaintiff complete her Rule 213(f)(3) ((210 Ill. 2d R. 213(f)(3)) controlled-expert disclosures by March 7, 2005.

On March 16, 2005, the defendant filed a motion to bar the plaintiff's Rule 213(f)(1) and (2) witnesses not previously disclosed and all Rule 213(f)(3) witnesses because the plaintiff had failed to disclose this information in violation of the circuit court's orders. On June 2, 2005, the circuit court entered and continued the defendant's motion to bar, giving the plaintiff until June 9, 2005 to complete all written discovery and Rule 213(f)(1), (2), and (3) disclosures. The next case management conference was set for June 10, 2005.

The plaintiff did not attend the June 10, 2005, case management conference. That same day, the circuit court entered an order barring the plaintiff from "introducing at trial all Illinois Supreme Court Rule 213(f)(2) witness testimony not previously disclosed and *** all Illinois Supreme Court Rule 213(f)(3) witness testimony for failure to comply with court orders."

On June 17, 2005, the plaintiff served the defendant with her Rule 213(f) disclosures, in which she disclosed the Rule 213(f)(1), (2), and (3) witnesses she intended to call at trial. Relevant to this appeal, the plaintiff disclosed Dr. Lowell Weil as her Rule 213(f)(3) controlled-expert witness and indicated that Dr. Weil was expected to testify as to the defendant's alleged deviation from the standard of care and the causation of her injuries.

On July 18, 2005, the defendant filed a motion for summary judgment pursuant to section 2-1005 of the Code of Civil Procedure (735 ILCS 5/2-1005 (West 2004)). While the defendant's motion for summary judgment was pending, the plaintiff filed a motion to vacate the circuit court's June 10, 2005, order barring her from calling certain witnesses. The circuit court denied the plaintiff's motion to vacate on November 3, 2005.

On December 6, 2005, the circuit court granted the defendant's motion for summary judgment, finding that, because the plaintiff had been barred from introducing expert testimony capable of

establishing that the defendant deviated from the standard of care and caused the plaintiff's injuries, she would be unable to meet her burden of proof. This appeal followed.

The plaintiff argues that the circuit court abused its discretion in barring any Rule 213(f)(2) witnesses not previously disclosed and all Rule 213(f)(3) witnesses. The plaintiff contends that the sanction imposed by the circuit court was too severe under the circumstances of this case. We disagree.

Supreme Court Rule 219(c) authorizes the circuit court to prescribe sanctions, including barring witnesses from testifying, when a party fails to comply with the court's orders regarding discovery. 166 Ill. 2d R. 219(c); Athans v. Williams, 327 Ill. App. 3d 700, 703, 764 N.E.2d 586 (2002). The imposition of sanctions is within the discretion of the circuit court, and the court's decision in fashioning a sanction will not be disturbed on appeal absent a clear abuse of that discretion. Athans, 327 Ill. App. 3d at 703.

In determining whether the circuit court abused its discretion in applying a sanction, this court must look to the same factors that the circuit court was required to consider in deciding an appropriate sanction. Smith v. P.A.C.E., 323 Ill. App. 3d 1067, 1076, 753 N.E.2d 353 (2001). These factors include: (1) the surprise to the adverse party; (2) the prejudicial effect of the

1-06-0479

witness' testimony; (3) the nature of the testimony; (4) the diligence of the adverse party; (5) the timeliness of the objection; and (6) the good faith of the party seeking to offer the testimony. Boatman's Nation Bank of Belleville v. Martin, 155 Ill. 2d 305, 314, 614 N.E.2d 1194 (1993). No single factor is determinative, and each case presents a unique factual situation which must be taken into consideration when determining whether a particular sanction is proper. Smith, 323 Ill. App. 3d at 1076.

In this case, the record reveals that the plaintiff failed to comply with three separate discovery deadlines set by the circuit court. The only excuse offered by the plaintiff for her noncompliance with these deadlines was her difficulty in arranging a meeting with her controlled-expert witness, Dr. Weil, and, then, her difficulty in locating specific x-rays requested by Dr. Weil. The plaintiff, however, acknowledges in her briefs that she did not inform the circuit court of her problems in complying with the circuit court's discovery orders, nor does it appear that she ever sought a continuance.

Seven days after the circuit court entered the order barring certain witnesses from testifying at trial, the plaintiff served the defendant with her Rule 213(f) disclosures. The plaintiff's disclosures named Dr. Weil as her sole controlled-expert witness and provided, inter alia, the following:

-5-

1-06-0479

"Dr. Weil holds the following opinions in this matter: Plaintiff TERESA NEDZVEKAS sustained an injury to her feet that resulted from podiatric surgery, in which the performing surgeon, DR. BARNETT FUNG, deviated from the medical standard of care. Dr. Weil holds the view that there is a causal relationship between the podiatric surgery performed on [sic] DR. BARNETT FUNG on February 28, 1998 and the Plaintiff's permanent damage to her feet, and that these conditions have reached a state of maximum medical improvement.

***

The above opinions are also based upon the training, education, knowledge, and experience of the witness."

For each controlled-expert witness, Rule 213(f)(3) requires the disclosure of "(i) the subject matter on which the witness will testify; (ii) the conclusions and opinions of the witness and the bases therefor; (iii) the qualifications of the witness; and (iv) any reports prepared by the witness about the case." 210 Ill. 2d R. 213(f)(3). As acknowledged by the plaintiff in her brief, the

-6-

1-06-0479

details of Dr. Weil's opinions are not contained in her Rule 213(f) disclosures. Rule 213 requires specifics. <u>Sullivan v. Edward Hospital</u>, 209 Ill. 2d 100, 109, 806 N.E.2d 645 (2004). Providing the basis of a controlled-expert's opinion in a "catch-all" provision does not comply with the disclosure requirements of this rule. <u>Chapman v. Hubbard Woods Motors, Inc.</u>, 351 Ill. App. 3d 99, 110, 812 N.E.2d 389 (2004).

Furthermore, nothing in the record suggests a lack of diligence on the part of the defendant in conducting discovery. The plaintiff argues that the defendant was not diligent because his motion to bar does not include a statement, pursuant to Rule 201(k), that, after consultation and reasonable attempts to resolve their differences, the parties have been unable to reach an accord. 166 Ill. 2d R. 201(k). Contrary to the plaintiff's argument, however, compliance with Rule 201(k) is not required when, as in this case, a party has disregarded discovery orders issued by the circuit court. <u>Gayton v. Levi</u>, 146 Ill. App. 3d 142, 150, 496 N.E.2d 1045 (1986).

By violating three separate court orders setting the deadlines for disclosing witnesses, and, then, untimely serving the defendant with an insufficient witness disclosure, the plaintiff demonstrated a deliberate and unwarranted disregard of the court's authority. Based upon the record before us, we cannot conclude that the

circuit court abused its discretion in entering the June 10, 2005, order barring the plaintiff from calling certain witnesses at trial or denying the plaintiff's motion to vacate that order.

Next, the plaintiff argues that the circuit court erred in granting summary judgment in favor of the defendant based upon her inability to present expert testimony establishing the defendant's deviation from the standard of care and causation. The plaintiff contends that summary judgment should not have been granted because the necessary expert testimony can still be provided by one of her treating physicians, Dr. Steven Rembos, who is not barred by the circuit court's June 10, 2005, order.

In response, the defendant maintains that the plaintiff has waived this argument by failing to raise it in the circuit court. Waiver, however, is a limitation on the parties and not this court. Michigan Avenue National Bank v. County of Cook, 191 Ill. 2d 493, 518, 732 N.E.2d 528 (2000). In the interests of achieving a just result and maintaining a sound and uniform body of precedent, we will consider this issue. Village of Lake Villa v. Stokovich, 211 Ill. 2d 106, 121, 810 N.E.2d 13 (2004).

Summary judgment is a drastic means of disposing of litigation and should only be employed when the pleadings and evidentiary material in the record, when viewed in the light most favorable to the nonmovant, show that there is no genuine issue of material fact

and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2004); Happel v. Wal-Mart Stores, Inc., 199 Ill. 2d 179, 186, 766 N.E.2d 1118 (2002). We review the circuit court's order granting summary judgment de novo. Harrison v. Hardin County Community Unit School District No. 1, 197 Ill. 2d 466, 470-71, 758 N.E.2d 848 (2001).

In a medical malpractice action, a plaintiff must generally present expert testimony establishing that the defendant deviated from the proper standard of care and that the deviation proximately caused her injuries. Suttle v. Lake Forest Hospital, 315 Ill. App. 3d 96, 102-03, 733 N.E.2d 726 (2000). Where a plaintiff is unable to present such expert testimony, summary judgment in favor of the defendant is appropriate. Higgens v. House, 288 Ill. App. 3d 543, 547, 680 N.E.2d 1089 (1997).

The order entered by the circuit court on June 10, 2005, did not preclude the plaintiff from calling all expert witnesses at trial. Rather, the order barred the plaintiff from presenting all Rule 213(f)(3) witnesses and any Rule 213(f)(2) witnesses not previously disclosed. In response to the interrogatories propounded by the defendant in the original action, the plaintiff disclosed one of her treating physicians, Dr. Rembos, as an individual with knowledge that the defendant deviated from the applicable standard of care and who had discussed with the

plaintiff or her counsel the relationship between the defendant's acts and/or omissions and the injuries she suffered.

A treating physician is considered a Rule 213(f)(2) independent-expert witness. See 210 Ill. 2d R. 213(f)(2), Committee Comments, at lxxxvi ("'Independent expert witnesses' include persons such as *** a doctor who gives expert testimony based on the doctor's treatment of the plaintiff's injuries"). Because Dr. Rembos was one of the plaintiff's treating physicians and was disclosed prior to the circuit court's June 10, 2005, order, his testimony was not barred. A plaintiff may rely upon the testimony of a treating physician in proving her medical negligence action. See Benison v. Silverman, 233 Ill. App. 3d 689, 698, 599 N.E.2d 1101 (1992). Consequently, it appears that the June 10, 2005, order did not entirely prevent the plaintiff from presenting expert testimony that the defendant deviated from the applicable standard of care and caused her injuries.

The defendant argues that the plaintiff cannot rely on Dr. Rembos' testimony because the plaintiff failed to disclose the basis for the doctor's opinions and failed to present an affidavit from the doctor with her response to the defendant's motion for summary judgment. The argument, however, is not well taken.

First, Dr. Rembos is a Rule 213(f)(2) witness. Unlike a Rule 213(f)(3) controlled-expert witness, the basis for a Rule 213(f)(2)

independent-expert witness' opinion need not be disclosed. 210 Ill. 2d Rs. 213(f)(2), (3). For each independent-expert witness, Rule 213(f)(2) requires only the disclosure of "the subject on which the witness will testify and the opinions the party expects to elicit." 210 Ill. 2d R. 213(f)(2). In this case, the plaintiff disclosed that Dr. Rembos had knowledge that the defendant deviated from the applicable standard of care and that the defendant's acts and/or omissions caused the injuries she suffered. We find that this disclosure was sufficient to comply with the requirements of Rule 213(f)(2).

Furthermore, a defendant moving for summary judgment bears the initial burden of production. Pecora v. County of Cook, 323 Ill. App. 3d 917, 933, 752 N.E.2d 532 (2001). The defendant may meet his burden of production in two ways: (1) by affirmatively showing that some element of the case must be resolved in his favor, (Hutchcraft v. Independent Mechanical Industries, 312 Ill. App.3d 351, 355, 726 N.E.2d 1171 (2000)), or (2) by establishing "that there is an absence of evidence to support the nonmoving party's case." (Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When a defendant seeks to establish that the nonmovant lacks sufficient evidence to prove an essential element, the defendant is required to do more than "point out" the absence of evidence. Pecora, 323 Ill. App. 3d at 934.

1-06-0479

Only when the defendant satisfies his initial burden does the burden then shift to the plaintiff to present a factual basis which would arguably entitle her to a favorable judgment. <u>Paul H. Schwendener, Inc. v. Jupiter Electric Co.</u>, 358 Ill. App. 3d 65, 78, 829 N.E.2d 818 (2005); <u>Kleiss v. Bozdech</u>, 349 Ill. App. 3d 336, 350, 811 N.E.2d 330 (2004); <u>Pecora</u>, 323 Ill. App. 3d 917, 933-34, 752 N.E.2d 532 (2001); <u>Williams v. Covenant Medical Center</u>, 316 Ill. App. 3d 682, 689, 737 N.E.2d 662 (2000); <u>Hutchcraft</u>, 312 Ill. App. 3d at 355. "A party opposing summary judgment may rely solely upon the pleadings to create a question of material fact until the movant supplies facts that would clearly entitle [him] to judgment as a matter of law." <u>Williams</u>, 316 Ill. App. 3d 689.

In this case, the defendant's motion for summary judgment contained no affidavits and only a bare assertion that, because the plaintiff was barred from presenting expert testimony at trial, she could not maintain her burden to prove that the defendant deviated from the applicable standard of care and that the defendant's deviation caused her injuries. However, the June 10, 2005, order did not prevent the defendant from calling all expert witnesses, only all Rule 213(f)(3) witnesses and any Rule 213(f)(2) witnesses not previously disclosed. It appears that a Rule 213(f)(2) witness, namely Dr. Rembos, was previously disclosed and is, therefore, not barred from testifying. Additionally, the

plaintiff's disclosures indicate that Dr. Rembos may be able to offer an opinion regarding the defendant's deviation from the applicable standard of care and the cause of the plaintiff's injuries. We, therefore, conclude that the defendant's assertion was insufficient to establish that the necessary expert testimony could not be presented at trial. Consequently, the defendant failed to meet his burden of production, and the plaintiff was entitled to rely on her pleading to create an issue of material fact. See Pecora, 323 Ill. App.3d at 935.

In summary, we affirm the June 10, 2005, order of the circuit court barring the plaintiff from calling at trial any Rule 213(f)(2) witnesses not previously disclosed and all Rule 213(f)(3) witnesses, reverse the order of the circuit court granting summary judgment in favor of the defendant, and remand the cause for further proceedings.

Affirmed in part; reversed in part and remanded.

WOLFSON, P.J., and HALL, J., concur.