2018 IL App (1st) 172535

No. 1-17-2535

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

_____

|  |  |  |
|---|---|---|
| CREDIT UNION 1, | ) | |
| | ) | |
|     Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| YOLANDA CARRASCO a/k/a Yolanda C. Carrasco | ) | Appeal from the Circuit Court |
| a/k/a Yolanda Martinez; ALEJANDRO MARTINEZ | ) | of Cook County. |
| a/k/a Alejandro C. Martinez; CITIBANK (SOUTH | ) | |
| DAKOTA) N.A.; UNKNOWN HEIRS AND | ) | No. 14 CH 3405 |
| LEGATEES OF YOLANDA CARRASCO a/k/a | ) | |
| YOLANDA C. CARRASCO a/k/a YOLANDA | ) | The Honorable |
| MARTINEZ, IF ANY; and UNKNOWN OWNERS | ) | John J. Curry, Jr., |
| AND NON-RECORD CLAIMANTS; | ) | Judge Presiding. |
| | ) | |
|     Defendants | ) | |
| | ) | |
| (Yolanda Carrasco, | ) | |
|     Defendant-Appellant). | ) | |
| | ) | |

_____

JUSTICE GORDON delivered the judgment of the court, with opinion.
Presiding Justice Burke and Justice McBride concurred in the judgment and opinion.

**OPINION**

¶ 1    The instant appeal arises from a foreclosure action filed by plaintiff Credit Union 1 against defendant Yolanda Carrasco with respect to a single family home in Calumet City. The trial court granted summary judgment in plaintiff's favor and, after the property was

sold, entered an order approving the report of sale and distribution. Defendant appeals, arguing that plaintiff never established that it sent an acceleration notice as required under the terms of the mortgage, meaning that plaintiff did not have the right to initiate the foreclosure action. For the reasons that follow, we reverse.

¶ 2                                                    BACKGROUND

¶ 3        On February 26, 2014, plaintiff filed a complaint for foreclosure of a single family home in Calumet City, alleging that defendant had failed to make payments due under the mortgage and note beginning in February 2011, leaving a current unpaid principal balance of $132,961.37. Attached to the complaint was a copy of the mortgage. As relevant to the instant appeal, section 15 of the mortgage was entitled "Notices" and provided, in relevant part:

> "All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means."

¶ 4        Additionally, section 22 was entitled "Acceleration; Remedies" and provided:

> "Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument ***. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument,

2

foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence."

¶ 5    On February 23, 2015, defendant filed an appearance through counsel and, on August 28, 2015, filed an answer and affirmative defenses; none of defendant's defenses concerned the notice of acceleration. On October 16, 2015, plaintiff filed a motion to strike defendant's affirmative defenses, which was denied on February 26, 2016, without prejudice. On March 31, 2016, plaintiff filed another motion to strike defendant's affirmative defenses and for partial summary judgment on the affirmative defenses. On April 25, 2016, the trial court granted plaintiff's motion and dismissed defendant's affirmative defenses without prejudice and granted defendant 21 days to file amended affirmative defenses; defendant did not do so.

¶ 6    On November 23, 2016, plaintiff filed a motion for default judgment against all other defendants, since no other defendants had filed an appearance,[1] and also filed a motion for summary judgment against defendant. The motion for summary judgment claimed that defendant's answer did not present any facts to refute the allegations contained in plaintiff's complaint and contained merely general denials of the allegations. An affidavit of proveup

---

[1] The motion for default judgment against the other defendants was granted on March 7, 2017.

attached to the motion for summary judgment indicated that the total amount due from defendant was $239,923.13.

¶ 7    On February 3, 2017, defendant filed a response to the motion for summary judgment. As relevant to the instant appeal, the response claimed that defendant denied receiving an acceleration notice pursuant to section 22 of the mortgage. Attached to defendant's response was a certification sworn by defendant pursuant to section 1-109 of the Code of Civil Procedure (Code) (735 ILCS 5/1-109 (West 2016)), which provided, in relevant part:

> "I am the only person responsible for retrieving the mail at [the property address in Calumet City].
>
> I retrieve my mail on a daily basis from the mailbox.
>
> I have never had any problems receiving mail from the United States Post Office.
>
> I have never received a letter of acceleration that was required to be sent to me in Paragraph 22 of my mortgage.
>
> On information and belief, the Plaintiff never sent a letter of acceleration that was required to be sent to me pursuant to Paragraph 22 of the mortgage."

¶ 8    On February 16, 2017, plaintiff filed a reply in support of its motion for summary judgment. With respect to the issue of notice, plaintiff argued that defendant claimed not to have received the acceleration notice but acknowledged receipt of plaintiff's grace period notice, which had been sent to the same address. Additionally, plaintiff argued that the mortgage provided that notice was deemed given when plaintiff mailed the acceleration notice, not when defendant received it, making defendant's claim that she never received it "completely irrelevant." Plaintiff argued that "[t]he only relevant inquiry is whether the Acceleration Notice was mailed, which it was."

¶ 9     Attached to the reply were three documents, all under the heading "Exhibit A." The first was a letter dated October 4, 2013, from defendant to plaintiff's counsel, which provided, in relevant part:

> "I received a grace period notice dated September 20, 2013 on September 26th, 2013."

The second document was a letter dated September 18, 2013, from plaintiff's counsel to defendant, which was entitled "NOTICE OF INTENT TO ACCELERATE." Above the address block of the letter were the words: "Via Certified U.S. Mail and via regular 1st class U.S. mail." The third document was a letter dated September 20, 2013, from plaintiff's counsel to defendant at the same address listed on the prior letter's address block. The letter was entitled "GRACE PERIOD NOTICE" and above the address block were the words: "Via regular 1st class U.S. mail."

¶ 10     On March 7, 2017, the trial court entered an order granting plaintiff's motion for summary judgment, and also entered a judgment of foreclosure and sale.[2] The property was sold at a judicial sale on June 8, 2017, and on June 23, 2017, plaintiff filed a motion for an order approving the report of sale and distribution, for an *in personam* deficiency judgment, and for possession. On September 8, 2017, the trial court entered an order approving the report of sale, entered an *in personam* deficiency judgment against defendant in the amount of $174,656.91, and entered an order of possession.

¶ 11     Defendant filed a timely notice of appeal, and this appeal follows.

---

[2] We note that only a portion of the judgment of foreclosure and sale is contained in the record on appeal.

¶ 12                                          ANALYSIS

¶ 13          On appeal, defendant argues that summary judgment should not have been granted in plaintiff's favor, and the sale should not have been approved, because plaintiff never established that it sent the acceleration notice required by the mortgage. A trial court is permitted to grant summary judgment only "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2016). The trial court must view these documents and exhibits in the light most favorable to the nonmoving party. *Home Insurance Co. v. Cincinnati Insurance Co.*, 213 Ill. 2d 307, 315 (2004). We review a trial court's decision to grant a motion for summary judgment *de novo*. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992). *De novo* consideration means we perform the same analysis that a trial judge would perform. *Khan v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 578 (2011).

¶ 14          "Summary judgment is a drastic measure and should only be granted if the movant's right to judgment is clear and free from doubt." *Outboard Marine Corp.*, 154 Ill. 2d at 102. However, "[m]ere speculation, conjecture, or guess is insufficient to withstand summary judgment." *Sorce v. Naperville Jeep Eagle, Inc.*, 309 Ill. App. 3d 313, 328 (1999). The party moving for summary judgment bears the initial burden of proof. *Nedzvekas v. Fung*, 374 Ill. App. 3d 618, 624 (2007). The movant may meet his burden of proof either by affirmatively showing that some element of the case must be resolved in his favor or by establishing " 'that there is an absence of evidence to support the nonmoving party's case.' " *Nedzvekas*, 374 Ill. App. 3d at 624 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). " 'The purpose of summary judgment is not to try an issue of fact but *** to determine whether a triable

issue of fact exists.' " *Schrager v. North Community Bank*, 328 Ill. App. 3d 696, 708 (2002) (quoting *Luu v. Kim*, 323 Ill. App. 3d 946, 952 (2001)). We may affirm on any basis appearing in the record, whether or not the trial court relied on that basis or its reasoning was correct. *Ray Dancer, Inc. v. DMC Corp.*, 230 Ill. App. 3d 40, 50 (1992).

¶ 15    In the case at bar, defendant claims that plaintiff was not entitled to summary judgment because there was a question of fact as to whether plaintiff had provided the acceleration notice required by the mortgage. We agree. The mortgage at issue required that "Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument," and further imposed requirements as to the contents of that notice.[3] This type of acceleration notice has been held to be a condition precedent to the lender's right to bring suit, meaning that "[i]f [the lender] had not sent an acceleration notice, it would not be entitled to foreclose." *CitiMortgage, Inc. v. Bukowski*, 2015 IL App (1st) 140780, ¶ 16; *Cathay Bank v. Accetturo*, 2016 IL App (1st) 152783, ¶ 33 ("A notice of acceleration is a condition precedent to foreclosure under Illinois Mortgage Foreclosure Law."). "A 'condition precedent' is an act that must be performed or an event that must occur before a contract becomes effective or before one party to an existing contract is obligated to perform." *Accetturo*, 2016 IL App (1st) 152783, ¶ 32. "When a contract contains an express condition precedent, strict compliance with such a condition is required [citation], and the contract does not become enforceable or effective until the contract is performed or the contingency occurs. [Citation.]" *Accetturo*, 2016 IL App (1st) 152783, ¶ 32. Thus, as the *Accetturo* court found when considering an identical acceleration clause, "[b]ecause the mortgage contained an acceleration clause that provided '[plaintiff] shall give notice to

_____

[3] Defendant does not argue on appeal that the substance of the purported notice was deficient, but only argues that proper notice was not given.

[defendant] prior to acceleration,' we find that paragraph [22] is a contractual condition precedent and that [plaintiff] had a mandatory duty to send a notice of acceleration to [defendant] prior to accelerating the mortgage." *Accetturo*, 2016 IL App (1st) 152783, ¶ 37. Plaintiff does not dispute on appeal that the sending of the notice of acceleration was a condition precedent to its right to maintain a foreclosure action.[4]

¶ 16    In the case at bar, then, we must determine whether the record establishes that the notice was properly sent or whether there is a question of fact concerning this issue. Defendant points to the certification she attached to her response to the motion for summary judgment, in which she certified that she had not received a notice of acceleration. However, all that this certification establishes is that defendant did not *receive* the notice. As plaintiff notes, under the terms of the mortgage, "[a]ny notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means." Thus, if the facts established that plaintiff *mailed* the notice, summary judgment would be appropriate.

¶ 17    Plaintiff relies on a presumption of receipt, as set forth in *Tabor & Co. v. Gorenz*, 43 Ill. App. 3d 124 (1976). In that case, the court found: "A letter properly addressed, stamped and mailed is presumed to have been duly received based upon the probability of delivery and the difficulty of proving receipt in any other way." *Tabor & Co.*, 43 Ill. App. 3d at 129. However, plaintiff does not address the sentences that immediately follow: "To be entitled to the benefit of the presumption there must be proof that the item was contained in the properly addressed envelope with adequate postage affixed and that it was deposited in the mail." *Tabor & Co.*, 43 Ill. App. 3d at 129. Additionally, "[t]he presumption *** is a rebuttable one;

---

[4] Indeed, we must note that plaintiff's brief on appeal is certainly "brief," spanning fewer than two pages and with no citations to authority or to the record on appeal.

and if rebutted, receipt becomes a question to be resolved by the trier of fact." *Tabor & Co.*, 43 Ill. App. 3d at 129.

¶ 18     In the case at bar, defendant claimed in her response to the motion for summary judgment that she never received the acceleration notice, and attached a certification in support. In response, plaintiff submitted three documents: (1) a letter from defendant acknowledging receipt of the grace period notice; (2) a letter purporting to be the acceleration notice; and (3) a letter purporting to be the grace period notice. There was no affidavit attached to any of these documents, nor was there a copy of an envelope or receipt of mailing. In short, nowhere was there "proof that the item was contained in the properly addressed envelope with adequate postage affixed and that it was deposited in the mail." *Tabor & Co.*, 43 Ill. App. 3d at 129. Thus, we fail to see how plaintiff can argue that it is entitled to a presumption that the notice was properly mailed when plaintiff has wholly failed to comply with the requirements for such a presumption. We note that there is evidence in the record that plaintiff was well able to provide such proof with respect to other mailings—for instance, in support of its claims that it had served the defendants, plaintiff attached certified mail receipts and "Certificate[s] of Mailing" from the postal service bearing the amount of postage paid. However, this type of proof is completely absent with respect to the notice of acceleration.

¶ 19     We also fail to see the significance of defendant's acknowledgement that she received the grace period notice. At most, that demonstrates that her mailing address was accurate. However, there is no claim that the two documents were sent at the same time and, in fact, the two documents bear different dates, suggesting that they were sent separately.

Consequently, the fact that defendant received one notice has absolutely no bearing on the question of whether she received the other notice.

¶ 20        We are similarly unpersuaded by plaintiff's attempt to suggest that defendant had failed in some way because she "made no effort to depose the affiant or the author of the letter." However, as noted, there was no affidavit concerning the matter of the acceleration notice. The only affidavits contained in the record on appeal concern other matters, such as defendant's payment history, service, and loss mitigation. Furthermore, there was no requirement that defendant depose "the author of the letter," as the letter itself was produced for the first time in the reply in support of the motion for summary judgment.

¶ 21        In summary, the parties do not dispute that an acceleration notice was required. Defendant has produced a certification stating that she did not receive such a notice. Plaintiff did not submit a counteraffidavit but submitted only a copy of the purported acceleration notice, without any proof that the notice had been mailed. Accordingly, there is a question of fact as to whether this notice was, in fact, provided to defendant as required by the terms of the mortgage. This question of fact means that summary judgment should not have been granted, and we must reverse the trial court's order granting summary judgment.

¶ 22        Additionally, the order approving the report of sale and distribution must likewise be reversed. "The provisions of section 15-1508 [of the Mortgage Foreclosure Law (735 ILCS 5/15-1508(b) (West 2016))] have been construed as conferring on circuit courts broad discretion in approving or disapproving judicial sales." *Household Bank, FSB v. Lewis*, 229 Ill. 2d 173, 178 (2008). Accordingly, "[a] court's decision to confirm or reject a judicial sale under the statute will not be disturbed absent an abuse of that discretion." *Lewis*, 229 Ill. 2d at 178. "When a bank fails to comply with its servicing requirements and does not give

notice to the borrower mandated by a provision in its mortgage, and the circuit court ignores the banks' failure to comply with the mortgage's servicing requirements, the circuit court abuses its discretion." *Accetturo*, 2016 IL App (1st) 152783, ¶ 54. In the case at bar, there is a question of fact as to whether notice was properly provided. Until that question of fact is resolved, the trial court cannot properly approve a judicial sale of the property in question.

¶ 23                                CONCLUSION

¶ 24    Since plaintiff failed to provide any evidence that would entitle it to a presumption that it had mailed an acceleration notice to defendant, there is a question of fact as to whether plaintiff properly provided notice as required under the mortgage. Consequently, neither summary judgment nor the order approving sale, which was based on the summary judgment order, should have been granted.

¶ 25    Reversed.