# Illinois Official Reports

## Appellate Court

---

**United Equitable Insurance Co. v. Longmire, 2019 IL App (1st) 181998**

---

| | |
|---|---|
| Appellate Court Caption | UNITED EQUITABLE INSURANCE COMPANY, Plaintiff-Appellant, v. JAVON P. LONGMIRE, BELINDA LONGMIRE, FOUNDERS INSURANCE COMPANY, CHANEL GODFREY, and DONTEA WILLIAMS, Defendants (Founders Insurance Company and Belinda Longmire, Defendants-Appellees).–FOUNDERS INSURANCE COMPANY, Plaintiff, v. DONTEA WILLIAMS, CHANEL GODFREY, BELINDA LONGMIRE, and THE BOARD OF EDUCATION FOR THE CITY OF CHICAGO, Defendants. |
| District & No. | First District, Fourth Division<br>No. 1-18-1998 |
| Filed | December 26, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, Nos. 16-CH-3900, 16-CH-3975; the Hon. Diane Joan Larsen, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Samuel A. Shelist, of Shelist & Pena, LLC, of Chicago, for appellant.<br><br>Robert Schlacks, of Avalon Law, P.C., of Oakbrook Terrace, for appellee Belinda Longmire.<br><br>Sarah Marazas, of Law Office of Shari Shelmadine, of Des Plaines, for other appellee. |

PRESIDING JUSTICE GORDON delivered the judgment of the court, with opinion.
Justices Lampkin and Reyes concurred in the judgment and opinion.

**OPINION**

¶ 1    The instant appeal arises from a collision between a vehicle operated by Belinda Longmire and a vehicle owned by Chanel Godfrey, operated by Dontea Williams. Longmire was insured by United Equitable Insurance Company (UEIC), while Godfrey was insured by Founders Insurance Company (Founders).[1] Longmire first filed a claim with Founders for injuries she allegedly suffered from the collision, but Founders denied her claim, stating that there was no coverage under the Founders policy because Williams did not possess a valid driver's license at the time of the accident. As a result, Longmire then sought coverage under the uninsured motorist provision of her UEIC policy and also filed suit against both Godfrey and Williams.

¶ 2    Both insurers filed declaratory judgment actions in connection with the accident. Founders sought a finding that it did not owe Godfrey or Williams a duty to defend Longmire's lawsuit, since Williams was not a licensed driver at the time of the collision. UEIC sought a finding that Longmire was not owed coverage under UEIC's uninsured motorist provision, because Godfrey was insured. The trial court granted summary judgment in favor of Founders, finding that Godfrey and Williams were excluded under the Founders policy. Subsequently, the trial court also granted summary judgment in favor of Longmire with respect to UEIC's action, finding that Longmire was entitled to uninsured motorist coverage. UEIC appeals both grants of summary judgment, and for the reasons that follow, we affirm.

¶ 3                                    BACKGROUND
¶ 4                                I. UEIC Complaint
¶ 5    On March 18, 2016, UEIC filed a complaint for declaratory judgment in case No. 16 CH 3900 against Longmire, Longmire's husband Javon, Founders, Godfrey, and Williams, alleging that UEIC was the insurer under an automobile insurance policy issued to Javon and Longmire. The complaint alleged that, after an accident between Longmire and Williams, Longmire and Javon made an uninsured motorist claim with UEIC. However, the complaint alleged that the vehicle Williams had been driving was owned by Godfrey and was insured by Founders, meaning that there was no viable uninsured motorist claim through UEIC. The complaint further alleged that, even if Williams was not licensed at the time of the accident, Godfrey regularly had Williams operate her vehicle for her benefit, so coverage was owed to Godfrey by Founders.

¶ 6    The complaint also alleged that UEIC requested a physical inspection of the vehicle in order to determine whether there was "actual physical contact" between the vehicles but that Longmire and Javon refused to provide the vehicle for an inspection. According to the complaint, they did arrange for their own inspection, which "indicated there was no evidence of actual physical contact," which precluded an uninsured motorist claim. The complaint

_____
[1]Since the instant litigation involves several lawsuits, with the parties assuming varying roles in the lawsuits, we attempt to minimize confusion by referring to the parties by their names.

alleged that Longmire and Javon's failure to cooperate also breached conditions in the insurance policy, meaning that they were not entitled to coverage.

¶ 7    The complaint sought a court order finding (1) that UEIC was not obligated to pay any money to any defendants, (2) that there was no coverage under the policy, (3) that there was no duty to defend or to indemnify, (4) that the claim was "null and void under the policy," and (5) that "coverage is excluded."

¶ 8    Attached to the complaint was a copy of the UEIC policy that was effective at the time of the accident. The named insured on the policy was Javon, and Longmire was listed as an additional insured. Part II of the policy concerned uninsured motorist coverage and provided:

> "J—UNINSURED MOTORIST BODILY INJURY; K—UNINSURED MOTORIST PROPERTY DAMAGE. To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of property damage to a vehicle described in the policy and bodily injury, including death resulting therefrom sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured motor vehicle, provided, for the purpose of this coverage, determination of whether the insured or such representative is legally entitled to recover damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the Company or, if they fail to agree, by arbitration. Recovery under this Part for 'property damage' is subject to the payment of a specific separate premium for uninsured motorist property damage liability."

¶ 9    The definition section of Part II defined an " 'uninsured motor vehicle' " as follows:

> " '[U]ninsured motor vehicle' includes a trailer of any type and means:
>
> (a) a motor vehicle or trailer with respect to the ownership, maintenance or use of which, there is no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile, or said bond or insurance policy has limits less than that required by the Illinois Financial Responsibility Law;
>
> (b) a hit-and-run motor vehicle;
>
> (c) a motor vehicle where on, before or after the accident date the liability insurer thereof is unable to make payment with respect to the legal liability of its insured within the limits specified in the policy because of the entry by a court of competent jurisdiction an order or rehabilitation or liquidation by reason of insolvency on or after the accident date ***."

¶ 10   The "Conditions" section of the policy set forth a number of conditions of coverage, including a condition concerning proof of a claim under part II, which provided, in relevant part:

> "10. Proof of Claim; Medical Report—Part II and Part III. As soon as practicable, the insured or other person making claim shall give to the Company written proof, under oath, if required, including full particulars of the nature and extent of the injuries, treatment, and other details entering into determination of the amount payable."

¶ 11   Also attached to the complaint was a letter dated July 7, 2015, from UEIC to Longmire's attorney. The letter provided:

- 3 -

"We are in receipt of your lien relative to the above captioned matter. Please provide us with a copy of the Illinois Crash Report. Before we can accept this as an Uninsured Motorist Claim, we must have the following information:

1. A completed Proof of Claim Form to be filled out by your client and returned to United Equitable Insurance. (Attached)[2]

2. Proof that the tortfeasor was, in fact, uninsured at the time of the loss; certification of both the owner and driver through the Secretary of State.

3. Photographs of the damage to your client's vehicle, or location on [*sic*] where we can send our outside adjuster to inspect the damages to the vehicle (if applicable).

4. Copies of all itemized medical bills and records.

Should you have any additional questions, or would like to discuss this further, please feel free to contact me."

¶ 12                                    II. Founders' Complaint

¶ 13    On March 22, 2016, Founders filed a complaint for declaratory judgment in case No. 16 CH 3975 against Williams, Godfrey, Longmire, and the Board of Education for the City of Chicago,[3] alleging that Founders was the insurer under an automobile insurance policy issued to Godfrey. The complaint alleged that, on February 12, 2014, while driving Godfrey's vehicle, Williams was involved in an accident with Longmire, as a result of which Longmire filed suit in case No. 16 M1 300209.[4] The complaint alleged that, after investigation, Founders discovered that Williams did not possess a valid driver's license at the time of the accident. Since Williams did not possess a driver's license, the complaint alleged that he could not have had a "reasonable belief that he was entitled to drive or operate the Godfrey vehicle" at the time of the accident and, therefore, liability coverage was specifically excluded under the policy. Accordingly, the complaint alleged that Founders owed no duty to defend or indemnify Williams or Godfrey in connection with the accident and that neither Longmire nor the Board was entitled to collect any monies from Founders.

¶ 14    Attached to the complaint was a copy of the Founders policy in effect at the time of the accident, which listed Godfrey as the named insured. Part I of the policy set forth the terms of liability coverage and provided:

"Coverage A—Bodily Injury Liability; Coverage B—Property Damage Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages, because of:

A. bodily injury,

---

[2]The form was not included with the copy of the letter attached to the complaint.

[3]The Board of Education for the City of Chicago (Board) is not a party to the instant appeal. According to Founders' complaint, the Board was Javon's employer, and Longmire was entitled to benefits under Javon's healthcare plan as his spouse. The Board, in turn, made a subrogation claim against Founders to recover monies paid to Longmire, and Founders named the Board as a necessary party in its lawsuit.

[4]A copy of the complaint in case No. 16 M1 300209 was attached to the Founders complaint. The two-count complaint named Williams and Godfrey as defendants and alleged that both defendants were negligent with respect to Williams's operation of Godfrey's vehicle.

- 4 -

or

B. property damage

arising out of the operation, maintenance or use of the owned automobile or any non-owned automobiles and the Company shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the Company may make such investigation and settlement of any claim or suit as it deems expedient."

¶ 15 Part I further specified:

"Persons Insured. The following are insured under Part I:

(a) with respect to the owned automobile,

(1) the named insured,

(2) any other person using such automobile with the permission of the named insured, provided the actual use thereof is within the scope of such permission[.]"

¶ 16 However, the "Exclusions" section of part I provided, in relevant part:

"Exclusions. This policy does not apply under Part I:

* * *

(p) to bodily injury or property damage arising out of the use by any person of a vehicle without a reasonable belief that the person is entitled to do so[.]"

¶ 17 Both Longmire and UEIC filed motions to consolidate the UEIC and Founders lawsuits, and on May 4, 2016, the cases were consolidated. On December 29, 2016, Founders filed a motion for default against Williams and Godfrey, because neither had filed an appearance despite being served, and the trial court granted the motion on January 9, 2017.

¶ 18                    III. Founders' Motion for Summary Judgment

¶ 19 On March 9, 2017, Founders filed a motion for summary judgment, seeking summary judgment against Williams, Godfrey, Longmire, and the Board (defendants in Founders' lawsuit) and against UEIC (plaintiff in UEIC's lawsuit, in which Founders was named as a defendant). Founders claimed that "there is simply no doubt" that Williams was not entitled to operate a motor vehicle at the time of the accident and that, therefore, Williams could not have had a reasonable belief that he was entitled to operate Godfrey's vehicle. Since the Founders policy expressly excluded liability coverage for "bodily injury or property damage arising out of the use by any person of a vehicle without a reasonable belief that the person is entitled to do so," Founders claimed that there was no coverage in connection with the accident and Founders was therefore entitled to judgment in its favor as a matter of law.

¶ 20 Attached to Founders' motion was the affidavit of Javier Castrejon, a claims specialist with Founders, who averred that Godfrey was the named insured on an automobile insurance policy issued by Founders with effective dates from September 22, 2013, to March 22, 2014, and that a 2002 Isuzu Axiom was listed as an insured vehicle on the policy. On February 13, 2014, Longmire called Founders to report a February 12, 2014, accident between her vehicle and Godfrey's vehicle, which was being driven by Williams at the time. As a result of the accident, Longmire filed a claim under the Founders policy and ultimately filed a lawsuit naming Williams and Godfrey as defendants.

- 5 -

¶ 21     Castrejon averred that on March 4, 2014, a claims adjuster employed by Founders spoke with Godfrey via telephone and obtained her recorded statement, in which Godfrey confirmed that Williams was operating the 2002 Isuzu Axiom at the time of the accident and that Williams was operating the vehicle with her permission. On March 19, 2014, Founders obtained a motor vehicle report on Williams and discovered that his driving privileges were suspended and expired at the time of the February 12, 2014, accident. Castrejon averred that, after confirming that Williams did not possess a valid driver's license, Founders denied coverage in connection with the accident in accordance with the terms of the policy.

¶ 22     Attached to Castrejon's affidavit were (1) a copy of the Founders policy, including a declaration page showing Godfrey as the named insured and the 2002 Isuzu Axiom as an insured vehicle; (2) a "Loss Report Summary" issued by Founders, which showed that Longmire had called Founders on February 13, 2014, to report a February 12, 2014, accident in which Williams was the driver of Godfrey's vehicle, that Longmire reported "no visible damage[ ]" on her vehicle, that Longmire had filed a police report as a result of the accident, and that Longmire had been stopped in traffic in the turning lane when she was rear-ended by Williams; and (3) a "Illinois Driver Record Report" showing that Williams's driver's license had been suspended and was expired.

¶ 23     Also attached to Founders' motion for summary judgment was a copy of Williams's driving record, certified by the Secretary of State, which showed that Williams did not have a valid driver's license at the time of the accident.

¶ 24     On April 5, 2017, UEIC filed a motion in response to Founders' motion for summary judgment requesting the court to stay the disposition of the motion until the close of discovery.[5] In support of its argument, UEIC argued that, under Illinois Supreme Court Rule 191(b) (eff. Jan. 4, 2013), the depositions of Godfrey and Longmire were necessary for resolution of the case. Attached to the motion was an affidavit from UEIC's counsel, in which he averred that discovery was necessary.

¶ 25     On April 21, 2017, Founders filed a motion to strike the Rule 191(b) affidavit, claiming that the affidavit did not comply with the requirements of Rule 191(b) and that the information sought by UEIC, namely, the depositions of Longmire, Williams, and Godfrey and the recorded statement of Williams, was irrelevant to the issue of whether Founders was entitled to summary judgment due to Williams's lack of a driver's license. Founders also argued that UEIC had ample time to conduct the discovery that it sought prior to the filing of the motion for summary judgment.

---

[5]UEIC captioned this motion as a "Rule 191(b) affidavit and response to motion for summary judgment" and, in its opening paragraph, stated that it "Moves this Honorable Court pursuant to Rule 191(b) and further in Response to the Motion for [S]ummary Judgment filed by Founders Insurance company to continue the Matter for discovery compliance." See Ill. S. Ct. R. 191(b) (eff. Jan. 4, 2013). It is thus not clear whether UEIC's motion was simply seeking discovery prior to responding to the motion for summary judgment or was also intended to be construed as a response to the motion for summary judgment itself—the motion contains a brief argument suggesting that UEIC disputed Founders' position that, if Williams was unlicensed, there would be no coverage for Godfrey. Founders treated the motion as a combined motion, including a reply to the motion for summary judgment in its motion to strike the Rule 191(b) affidavit.

¶ 26        On June 21, 2017, the trial court granted Founders' motion for summary judgment. In a July 18, 2017, order,[6] the trial court set forth the basis for the grant of summary judgment, as well as striking UEIC's Rule 191(b) affidavit. The court found that Williams did not have a valid driver's license at the time of the February 12, 2014, accident, that he did not have a reasonable belief that he was entitled to drive or operate Godfrey's vehicle at the time of the accident, and that liability coverage was excluded in connection with the accident. The court further found that Founders had no duty to defend or indemnify Williams or Godfrey in connection with the accident. The court's order specified that it was entering judgment in Founders' favor against Williams, Godfrey, Longmire, and the Board, in Founders' case, and against UEIC, in UEIC's case. The order also provided that it was a final order disposing of all matters in connection with the Founders case; that Founders, Williams, and Godfrey were dismissed with prejudice in UEIC's case, as Williams and Godfrey were no longer necessary parties; and that the remainder of UEIC's case remained pending as to Longmire and Javon, with the judgment order having no effect on UEIC's coverage defenses as to its insureds.

¶ 27                    IV. Longmire's Motion for Summary Judgment

¶ 28        On December 14, 2017, Longmire filed a motion for summary judgment in the UEIC case, arguing that she was entitled to summary judgment because (1) Williams and Godfrey had admitted that Godfrey's vehicle had contact with Longmire's vehicle and (2) the trial court had determined that there was no coverage under the Founders policy and that Founders did not owe a duty to defend or indemnify Williams or Godfrey. Additionally, Longmire claimed that UEIC's allegation that Longmire had breached the policy's cooperation clause was without merit because no inspection of the vehicle was necessary where she was not making a property damage claim and where UEIC had never attempted to schedule an inspection of the vehicle. Longmire also claimed that UEIC was not prejudiced by the lack of inspection since Williams and Godfrey had already admitted to contact between Godfrey's vehicle and Longmire's vehicle.

¶ 29        Attached to the motion for summary judgment was, *inter alia*, a copy of Williams and Godfrey's answer to Longmire's complaint in case No. 16 M1 300209, in which they admitted that, on February 12, 2014, "the Defendant's vehicle collided with the vehicle being operated by the Plaintiff." Specifically, in their answer, each defendant stated that "Defendant admits contact."

¶ 30        In response, UEIC argued that there were questions of material fact as to whether there was contact between Longmire's vehicle and Godfrey's vehicle and that Longmire had failed to comply with the policy by refusing to respond to UEIC's request for an inspection. Attached to the response was, *inter alia*, an "automobile insurance inspection report," which appears to have been faxed from "Great Northern Ins." on October 26, 2015. The report, which is signed by Longmire, indicates that an inspection was performed on October 26, 2015, and a

--------------------------------

[6]The parties drafted proposed orders as a result of the trial court's June 21, 2017, grant of summary judgment but were unable to agree on the language that should appear in the order, with UEIC arguing that the summary judgment order should have no effect on its case. Both parties filed motions to "clarify" the order granting summary judgment, with each party arguing that its proposed order was more accurate to the trial court's actual ruling, and the trial court ultimately entered a written order on July 18, 2017.

checkmark is placed in a box providing "Check here if no existing damage, rust or missing parts."

¶ 31    Also attached to the response was an April 30, 2014, reservation of rights letter from UEIC to Longmire's attorney. As in the July 7, 2015, letter that was attached to UEIC's complaint, this April letter provided:

"We are in receipt of your lien relative to the above captioned matter. Please provide us with a copy of the Illinois Crash Report. Before we can accept this as an Uninsured Motorist Claim, we must have the following information:

1. A completed Proof of Claim Form to be filled out by your client and returned to United Equitable Insurance. (Attached)[7]

2. Proof that the tortfeasor was, in fact, uninsured at the time of the loss; certification of both the owner and driver through the Secretary of State.

3. Photographs of the damage to your client's vehicle, or location on [*sic*] where we can send our outside adjuster to inspect the damages to the vehicle (if applicable).

4. Copies of all itemized medical bills and records."

The letter also indicated that "[t]his Company is taking the position that our policy holder has not complied with the requirements of the Condition Section of his/her policy, *** and therefore, any action taken by this Company in an investigation, negotiation, settlement or defense of any claim arising out of said accident shall be done with the full and complete reservation of all the Company's rights under said policy."

¶ 32    In her reply in support of her motion for summary judgment, Longmire noted that UEIC's response failed to include any affidavits and relied on inadmissible, unauthenticated documents that were taken out of context; specifically, Longmire claimed that the report attached to the response was an inspection conducted in connection with her request to add comprehensive coverage to the vehicle over a year after the accident. Longmire further argued that she was not required to establish actual contact between the vehicles, because her case was not a hit-and-run, as in the cases cited by UEIC. Longmire also argued that there was "ample evidence" that contact had occurred, including a copy of the accident report, Longmire's complaints to her medical professionals, which were included in her medical records, the filing of her complaint against Williams and Godfrey, and the admissions by Williams and Godfrey that there had been contact. Longmire also claimed that she had provided UEIC with a completed claim form, certification by the Department of Transportation that Williams and Godfrey were uninsured, and Longmire's medical bills and records and that, after receiving this information, UEIC sent no further communications requesting an inspection and never attempted to schedule an inspection.

¶ 33    Attached to the reply was Longmire's affidavit, in which she averred that, on February 12, 2014, she was operating a vehicle insured by UEIC and that, while her vehicle was stopped, the vehicle behind hers struck the rear of her vehicle. After the collision, Longmire spoke to the driver of the vehicle, and the driver provided her with an insurance card that identified the owner of the vehicle that struck hers. Longmire went to a police station and filled out an accident report, with the assistance of a police officer, which identified both the driver and

---

[7]As with the letter attached to the complaint, the form was not included with the copy of the letter attached to the response.

owner of the vehicle that struck hers. She did not make an insurance claim for damage from the collision, "as [she] did not observe damage that would require repairs to the vehicle [she] was operating."

¶ 34 Also attached to the reply was an "Endorsement/Change Request" from Great Northern Insurance Agency to UEIC concerning Javon's policy, which sought to change the policy from a liability policy only to a full coverage policy; the request was dated October 26, 2015, and bears the same fax header as the automobile insurance inspection report.[8]

¶ 35 On August 17, 2018, the trial court entered an order granting Longmire's motion for summary judgment. The trial court first struck the documents attached to UEIC's response, finding "no evidentiary foundation for the documents." The court then granted Longmire's motion for summary judgment, finding that UEIC owed coverage for the uninsured motorist claim.

¶ 36 UEIC filed a notice of appeal, listing both the July 18, 2017, grant of Founders' motion for summary judgment and the August 17, 2018, grant of Longmire's motion for summary judgment. This appeal follows.

¶ 37                                                   ANALYSIS

¶ 38 On appeal, UEIC argues that the trial court erred in finding that the Founders policy did not provide coverage to Godfrey and that the trial court also erred in finding that Longmire was entitled to uninsured motorist coverage under the UEIC policy. We note that, while this litigation involves two consolidated cases, the instant appeal concerns only UEIC's lawsuit in case No. 16 CH 3900. UEIC named Founders as a defendant in its lawsuit, expressly alleging that the Founders policy provided coverage to Godfrey. In filing its motion for summary judgment, Founders specifically noted that it was seeking summary judgment both against the defendants in its own suit and against UEIC, and in granting summary judgment, the trial court's order also named UEIC and expressly dismissed Founders from the UEIC suit. Founders' suit is not at issue in the instant appeal, as no party has appealed the grant of summary judgment in that case, so our focus is limited to UEIC's case.

¶ 39 As noted, UEIC is appealing both orders granting summary judgment. A trial court is permitted to grant summary judgment only "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2016). The trial court must view these documents and exhibits in the light most favorable to the nonmoving party. *Home Insurance Co. v. Cincinnati Insurance Co.*, 213 Ill. 2d 307, 315 (2004). We review a trial court's decision to grant a motion for summary judgment *de novo*. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992). *De novo* consideration means we perform the same analysis that a trial judge would perform. *Khan v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 578 (2011). " 'The construction of an insurance policy and a determination of the rights and obligations thereunder are questions of law for the court which are appropriate subjects for disposition by way of summary judgment.' " *Steadfast Insurance Co. v. Caremark Rx, Inc.*, 359 Ill. App. 3d 749, 755 (2005)

---

[8]The only differences between the two fax headers is that the request is labeled "P. 1/6" and has a time stamp of "16:33," while the report is labeled "P. 4/6" and has a time stamp of "16:38." It thus appears that the report was the fourth page of the request packet.

(quoting *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 391 (1993)).

¶ 40 "Summary judgment is a drastic measure and should only be granted if the movant's right to judgment is clear and free from doubt." *Outboard Marine Corp.*, 154 Ill. 2d at 102. However, "[m]ere speculation, conjecture, or guess is insufficient to withstand summary judgment." *Sorce v. Naperville Jeep Eagle, Inc.*, 309 Ill. App. 3d 313, 328 (1999). The party moving for summary judgment bears the initial burden of proof. *Nedzvekas v. Fung*, 374 Ill. App. 3d 618, 624 (2007). The movant may meet his burden of proof either by affirmatively showing that some element of the case must be resolved in his favor or by establishing " 'that there is an absence of evidence to support the nonmoving party's case.' " *Nedzvekas*, 374 Ill. App. 3d at 624 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). " 'The purpose of summary judgment is not to try an issue of fact but *** to determine whether a triable issue of fact exists.' " *Schrager v. North Community Bank*, 328 Ill. App. 3d 696, 708 (2002) (quoting *Luu v. Kim*, 323 Ill. App. 3d 946, 952 (2001)). We may affirm on any basis appearing in the record, whether or not the trial court relied on that basis or its reasoning was correct. *Ray Dancer, Inc. v. DMC Corp.*, 230 Ill. App. 3d 40, 50 (1992).

¶ 41                                  I. Summary Judgment in Favor of Founders

¶ 42 We first consider the grant of summary judgment in favor of Founders. UEIC does not claim that the trial court erred in finding that the Founders policy does not apply to Williams, the driver of the vehicle, but claims only that the trial court erred in finding that there was no coverage with respect to Godfrey, the owner of the vehicle. As an initial matter, Founders asks us to dismiss the instant appeal with respect to Founders, claiming that the matter is moot. "A case on appeal is normally considered moot 'where the issues raised below no longer exist because events subsequent to the filing of the appeal make it impossible for the reviewing court to grant the complaining party effectual relief.' " *Goodman v. Ward*, 241 Ill. 2d 398, 404 (2011) (quoting *Hossfeld v. Illinois State Board of Elections*, 238 Ill. 2d 418, 423-24 (2010)). "As a general rule, courts in Illinois do not decide moot questions, render advisory opinions, or consider issues where the result will not be affected regardless of how those issues are decided." *In re Alfred H.H.*, 233 Ill. 2d 345, 351 (2009).

¶ 43 In the case at bar, Founders claims that Longmire's lawsuit against Williams and Godfrey proceeded to mandatory arbitration; that, on June 18, 2018, a panel of three arbitrators found in favor of Godfrey, noting that no evidence of agency was submitted; and that, on July 23, 2018, judgment was entered on the award in favor of Godfrey and against Longmire.[9] Thus, Founders claims that Godfrey faced no liability in connection with the accident and, therefore, Founders would not be obligated to pay any damages in connection with the accident even if the trial court's grant of summary judgment was reversed. Consequently, Founders asks us to find the portion of the appeal concerning its policy moot. We do not find this argument persuasive.

_____

[9]Founders attached these orders in an appendix to its response brief on appeal, as well as to a motion to dismiss the appeal that we denied on September 12, 2019, but did not supplement the record on appeal to include these documents. However, we note that UEIC does not dispute that Godfrey prevailed in Longmire's lawsuit.

- 10 -

¶ 44     In the case at bar, the fact that Godfrey prevailed in Longmire's suit against her does not mean that it would be impossible for a reviewing court to grant UEIC relief, such that the appeal would be considered moot. See *Goodman*, 241 Ill. 2d at 404 ("A case on appeal is normally considered moot 'where the issues raised below no longer exist because events subsequent to the filing of the appeal make it impossible for the reviewing court to grant the complaining party effectual relief.' " (quoting *Hossfeld*, 238 Ill. 2d at 423-24)). Founders' argument focuses on its obligations under its policy and overlooks the fact that the crux of the instant appeal is a review of the question of whether UEIC's uninsured motorist coverage applies to Longmire's accident. UEIC's position is that it does not, and one of the reasons for its position is its claim that Godfrey's vehicle was, in fact, insured—it is in this context that Founders is involved. However, the fact that Founders will not be ultimately obligated to pay for Longmire's injuries does not render UEIC's appeal moot. UEIC seeks a court declaration that it is not obligated to provide Longmire with insurance coverage for her accident. This is relief that this court still has the ability to grant, and therefore, we cannot agree with Founders that any portion of the appeal is rendered moot by the order entered in Longmire's personal injury case.

¶ 45     Turning to the merits of UEIC's argument, UEIC claims that the trial court erred in finding that Founders' policy did not provide coverage to Godfrey. After Founders denied Longmire's claim, stating that Godfrey's policy did not provide coverage because Williams did not possess a valid driver's license, Longmire sought coverage under the uninsured motorist provision of UEIC's policy, which defines an " 'uninsured motor vehicle,' " in relevant part, as "a motor vehicle *** with respect to the ownership, maintenance or use of which, there is no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile." Thus, to determine whether the UEIC uninsured motorist provision applied, it was necessary for the trial court to first determine whether there was an insurance policy that provided coverage applicable to Godfrey's vehicle at the time of the accident.

¶ 46     Under the Founders policy, part I provided insurance coverage for "all sums which the insured shall become legally obligated to pay as damages, because of: A. bodily injury, or B. property damage arising out of the operation, maintenance or use of the owned automobile or any non-owned automobiles." However, the "Exclusions" section of part I provided, in relevant part:

"Exclusions. This policy does not apply under Part I:

* * *

(p) to bodily injury or property damage arising out of the use by any person of a vehicle without a reasonable belief that the person is entitled to do so[.]"

¶ 47     UEIC does not dispute that the trial court properly found that the Founders policy did not provide coverage to Williams, who was operating the vehicle without a driver's license. Our supreme court in *Founders Insurance Co. v. Munoz*, 237 Ill. 2d 424, 437-38 (2010), interpreted the precise language used in the instant Founders policy and found that an unlicensed driver did not have a reasonable belief that he was entitled to drive and was properly excluded under exclusion (p). However, UEIC claims that this exclusion does not operate to exclude coverage for Godfrey, the owner of the vehicle.

¶ 48     An insurance policy is a contract, and the rules applicable to contract interpretation govern the interpretation of an insurance policy. *Munoz*, 237 Ill. 2d at 433. Our primary function is to

ascertain and give effect to the intention of the parties, as expressed in the policy language, and, if the language is unambiguous, we will apply a provision as written unless it contravenes public policy. *Munoz*, 237 Ill. 2d at 433. When construing the language of an insurance policy, we must assume that every provision was intended to serve a purpose and must consider the policy as a whole, rather than as isolated parts. *Munoz*, 237 Ill. 2d at 433.

¶ 49 In the case at bar, we agree with the trial court that the clear language of the Founders policy shows that exclusion (p) applies to Godfrey as well as to Williams. Again, exclusion (p) provides:

"Exclusions. This policy does not apply under Part I:

* * *

(p) to bodily injury or property damage arising out of the use by any person of a vehicle without a reasonable belief that the person is entitled to do so[.]"

UEIC interprets this language to mean that the person who "use[s]" the vehicle is the only one who is excluded under exclusion (p)—here, Williams. However, there is nothing in the language of the policy to support such an interpretation. Exclusion (p) clearly states that the relevant inquiry is whether bodily injury or property arose from the use by any person of a vehicle without a reasonable belief that the person is entitled to do so. If so, "[t]his policy does not apply under Part I." In the case at bar, Longmire's alleged bodily injury arose from the use of Godfrey's vehicle by Williams, who did not have a reasonable belief that he was entitled to do so. Therefore, by the clear language of the policy, "[t]his policy does not apply under Part I," which would include any coverage otherwise owed to the vehicle's owner. Accordingly, we find no error in the trial court's finding that the Founders policy did not provide coverage to Godfrey.

¶ 50 We find unpersuasive UEIC's reliance on *Safe Auto Insurance Co. v. Fry*, 2015 IL App (1st) 141713. In that case, the insurance policy at issue contained a "reasonable belief" exclusion in its uninsured motorist provision, which provided that uninsured motorist coverage would not apply to a loss if the driver used the insured vehicle without a reasonable belief that he was entitled to do so. *Fry*, 2015 IL App (1st) 141713, ¶ 4. The insurance company attempted to use this exclusion to deny uninsured motorist coverage to a passenger who was riding with an unlicensed driver. *Fry*, 2015 IL App (1st) 141713, ¶ 6. While the trial court granted summary judgment in the insurer's favor, the appellate court reversed, finding that it would violate public policy to exclude a permissive passenger from uninsured motorist coverage based on the "reasonable belief" exclusion. *Fry*, 2015 IL App (1st) 141713, ¶ 17. The court found that "the driver reasonable belief exclusion as applied in this case clearly violates public policy and does not further the public interest because this exclusion allows insurers to indirectly deny coverage to a category of otherwise protected insureds, the permissive passenger, for which premiums were charged and received, based on a broad exclusion applicable to only one category of insureds (drivers) under the policy." *Fry*, 2015 IL App (1st) 141713, ¶ 31.

¶ 51 We find the situation in *Fry* to be entirely distinguishable from the situation present in the case at bar. First, *Fry* involved a passenger who would be otherwise insured by the policy being denied uninsured motorist coverage due to a driver exclusion. The case at bar, by contrast, does not involve a passenger, and the Founders policy provision at issue is not an uninsured motorist provision. Moreover, in *Fry*, the passenger was essentially an innocent bystander, and the named insured was the one driving without a valid driver's license. However, in the case at

bar, Williams allegedly had Godfrey's permission to drive her vehicle, meaning that Godfrey chose to permit an unlicensed driver to operate her vehicle; UEIC does not claim that Godfrey was unaware that Williams was unlicensed. Our supreme court has expressly found that, while an insurer must cover permissive users as well as the named insured, it does not violate public policy for the insurer to exclude certain types of risks from coverage, including a "reasonable belief" exclusion as set forth in exclusion (p), where the exclusion applied equally to the named insured and anyone using the vehicle with the insured's permission. *Munoz*, 237 Ill. 2d at 445. To the extent that there are any public policy implications in excluding coverage to Godfrey in the case at bar, we cannot find that it violates public policy to apply the "reasonable belief" exclusion set forth in exclusion (p) to a named insured who has permitted an unlicensed driver to operate her vehicle, as the clear language of the policy requires. Accordingly, we find that the trial court properly granted Founders' motion for summary judgment with respect to coverage for Godfrey.

¶ 52                    II. Summary Judgment in Favor of Longmire

¶ 53    UEIC also argues that the trial court erred in granting summary judgment in favor of Longmire, claiming that Longmire failed to establish contact between her vehicle and Godfrey's and failed to submit her vehicle to an inspection. Under part II of the policy, UEIC agreed, in relevant part:

> "To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of property damage to a vehicle described in the policy and bodily injury, including death resulting therefrom sustained by the insured, *caused by accident* and arising out of the ownership, maintenance or use of such uninsured motor vehicle ***." (Emphasis added.)

UEIC claims that proof of an "accident" requires proof of contact between the vehicles, which Longmire failed to provide. We do not find this argument persuasive.

¶ 54    UEIC acknowledges that a physical contact requirement has been most often discussed in the context of a "hit-and-run" uninsured motorist claim, but it argues that physical contact is required in other types of uninsured motorist claims, as well. However, UEIC provides no support for this argument, citing no cases in which a physical contact requirement was imposed in a case not involving a hit-and-run accident. "It is well settled that '[a] reviewing court is entitled to have issues clearly defined with pertinent authority cited and cohesive arguments presented [citation], and it is not a repository into which an appellant may foist the burden of argument and research.' " *Stenstrom Petroleum Services Group, Inc. v. Mesch*, 375 Ill. App. 3d 1077, 1098 (2007) (quoting *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993)).

¶ 55    Moreover, even if Longmire was required to establish physical contact between her vehicle and Godfrey's vehicle, she did so. Attached to her motion for summary judgment was her complaint against Williams and Godfrey, in which she alleged that "the Defendant's vehicle collided with the vehicle being operated by Plaintiff." Both defendants admitted this allegation in their answer. Moreover, in their answer, each defendant expressly stated that "Defendant admits contact." Longmire also submitted an affidavit in her reply in support of her motion for summary judgment, in which she averred that Godfrey's vehicle "struck the rear of" her vehicle. To be clear, Longmire does not claim that there was *damage* to her vehicle as a result of the accident, but that is not the question posed by UEIC—the question is whether there was

*contact* between the vehicles. UEIC presents no evidence to counter Longmire's evidence, focusing only on the fact that there was no damage. Accordingly, where the unrebutted evidence in the record shows that there was contact between Longmire's vehicle and Godfrey's vehicle, UEIC's argument to the contrary is unpersuasive.

¶ 56      UEIC also argues that, even if physical contact was not necessary, an inspection was required under the terms of the policy and the trial court erred in finding that Longmire was entitled to uninsured motorist coverage because Longmire failed to comply with an inspection. Under the policy, the "Conditions" section set forth a number of conditions of coverage, including a condition concerning proof of a claim under part II, which provided, in relevant part:

> "10. Proof of Claim; Medical Report—Part II and Part III. As soon as practicable, the insured or other person making claim shall give to the Company written proof, under oath, if required, including full particulars of the nature and extent of the injuries, treatment, and other details entering into determination of the amount payable."

UEIC claims that, by not providing her vehicle for an inspection, Longmire did not provide the full particulars of the accident. We do not find this argument persuasive.

¶ 57      The record contains several letters from UEIC to Longmire concerning her claim. Both letters dated April 30, 2014, and July 7, 2015, contain the same requests:

> "We are in receipt of your lien relative to the above captioned matter. Please provide us with a copy of the Illinois Crash Report. Before we can accept this as an Uninsured Motorist Claim, we must have the following information:
>
> 1. A completed Proof of Claim Form to be filled out by your client and returned to United Equitable Insurance. (Attached)[10]
>
> 2. Proof that the tortfeasor was, in fact, uninsured at the time of the loss; certification of both the owner and driver through the Secretary of State.
>
> 3. Photographs of the damage to your client's vehicle, or location on [*sic*] where we can send our outside adjuster to inspect the damages to the vehicle (if applicable).
>
> 4. Copies of all itemized medical bills and records."

In her reply in support of her motion for summary judgment, Longmire claimed that she had provided UEIC with a completed claim form, certification by the Department of Transportation that Williams and Godfrey were uninsured, and Longmire's medical bills and records and that, after receiving this information, UEIC sent no further communications requesting an inspection and never attempted to schedule an inspection. UEIC does not dispute these claims on appeal.

¶ 58      We cannot find that Longmire's conduct with respect to the accident represented a lack of cooperation. UEIC sent Longmire several communications in which it requested certain documents, and Longmire provided those documents. Under the language of the letters, it is not clear that Longmire was required to provide UEIC with the location of her vehicle for an inspection—the letters state "if applicable" next to this item, and Longmire did not make a property damage claim. Furthermore, there is no evidence that UEIC ever requested this information or sought to conduct an inspection. Presumably, if Longmire submitted less-than-

---

[10]As previously noted, the form was not included with the copies of the letters included in the record.

complete information to UEIC, the insurer would have requested that Longmire submit the missing information. There is no indication in the record that this was done, and UEIC does not argue on appeal that it ever made such a request—it appears that the first time Longmire's conduct was ever raised as an issue was at the time UEIC filed its complaint in the instant case. Consequently, we cannot find that Longmire failed to cooperate by not submitting her vehicle to an inspection, and we affirm the trial court's grant of summary judgment in her favor.

¶ 59                                                    CONCLUSION

¶ 60        For the reasons set forth above, we affirm the trial court's grant of summary judgment in Founders' favor, as well as the grant of summary judgment in Longmire's favor. The trial court properly found that the Founders policy excluded Godfrey from coverage because Williams was operating her vehicle while unlicensed. Additionally, the trial court properly found that UEIC's coverage defenses were unpersuasive and that Longmire was entitled to uninsured motorist coverage under the UEIC policy.

¶ 61        Affirmed.