2021 IL App (3d) 210077

Opinion filed December 9, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| DAN GORE, | ) | Appeal from the Circuit Court |
| | ) | of the 21st Judicial Circuit |
| Plaintiff-Appellant, | ) | Iroquois County, Illinois |
| | ) | |
| | ) | Appeal No. 3-21-0077 |
| v. | ) | Circuit No. 17-L-18 |
| | ) | |
| PILOT TRAVEL CENTERS, LLC, | ) | Honorable |
| | ) | Michael C. Sabol, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE LYTTON delivered the judgment of the court, with opinion.
Justices O'Brien and Schmidt concurred in the judgment and opinion.

**OPINION**

¶ 1        Plaintiff, Dan Gore, fell on ice on the sidewalk at a gas station owned by defendant, Pilot

Travel Centers, LLC. Thereafter, plaintiff filed a complaint and an amended complaint, alleging

negligence against defendant. Defendant filed a motion for summary judgment, and the trial court

granted the motion. Plaintiff appeals the trial court's grant of summary judgment to defendant. We

affirm.

¶ 2                                        BACKGROUND

¶ 3        On December 19, 2016, plaintiff fell on ice on sidewalk near an entrance to a gas station

owned by defendant in Gilman, Illinois. Plaintiff was injured and filed a complaint against

1

defendant alleging negligence. Thereafter, the parties took depositions of several individuals, including plaintiff and employees of defendant.

¶ 4       According to plaintiff, his injury occurred between 12 p.m. and 1:30 p.m. on December 19, 2016. He fell on sidewalk on the western side of the gas station. Plaintiff testified that the parking area of the gas station was wet but not icy, and the sidewalk looked the same, but when he stepped on the sidewalk, he slipped on ice and fell.

¶ 5       According to weather data provided by plaintiff, there was snow and/or icy precipitation near the gas station on December 17 and 18, 2016. The high temperature on December 19, 2016, was 15 degrees Fahrenheit.

¶ 6       Keenen Sylvester, a maintenance employee of defendant, testified that he believed he shoveled and/or salted the sidewalk when he began work at 4:54 a.m. on December 19, 2016, if it was needed. Another maintenance employee of defendant, David Atkins, applied salt to the sidewalk by hand where plaintiff fell on December 19, 2016, but did not remember if he did that before or after plaintiff's fall. According to Atkins, there were four maintenance workers at the gas station by 12:55 p.m. on December 19, 2016.

¶ 7       Alisa McCallon, the assistant manager of the gas station, testified that she would have told maintenance personnel to walk around the building to make sure conditions were safe for customers. She testified that maintenance employees usually performed exterior walk-arounds at least three times per shift, more if it is snowing or icy. She testified that icy sidewalks are usually worse on the western side of the gas station because of wind. As a result, maintenance employees usually "put more salt on that side."

¶ 8       Randy Little, the general manager of the gas station, called the snow removal vendor to plow and salt the fueling and parking areas of the property on December 16 and 17, 2016. Only

2

the manager on duty or maintenance employees would salt the sidewalks surrounding the gas station. Little worked from 6 a.m. to 4 p.m. on December 19, 2016. Little did not remember directing anyone to salt the sidewalks on the morning of December 19, 2016; however, maintenance employees are trained to do so if necessary. After plaintiff's fall, Little took a picture of the sidewalk where plaintiff fell. There was salt on the sidewalk there. According to Little, sand was never applied to the sidewalks at the gas station.

¶ 9        Patrick Relford, a corporate representative of defendant who works in the risk management department, testified that defendant has an internal corporate snow-removal policy, which states as follows:

> "Snow removal services shall include, but are not limited to, snow plowing, removal and disposal of snow in certain circumstances, removal of ice and ice build-up, sanding and salting (when approved) as needed to maintain bare pavement as weather will permit, and ensuring proper and safe access to the buildings and parking lots.

* * *

> Shoveling and salting/sanding of sidewalks are the responsibility of our store employees."

Relford testified that defendant required employees to use drop spreaders to apply salt to sidewalks. One reason for doing so was to prevent too much salt from being applied.

¶ 10        After the depositions were complete, plaintiff filed an amended complaint against defendant, alleging there had been "snow and ice precipitation a day or two before" he fell. He further alleged that defendant hired a contractor to remove snow and ice from around the fuel

pumps and parking area but not the sidewalk where he fell. Plaintiff alleged that his fall was caused by the negligence of defendant, acting through its employees.

¶ 11        Defendant filed a motion for summary judgment, arguing that there was no evidence that (1) plaintiff fell because of an unnatural accumulation of ice and (2) it had actual or constructive notice of ice on the sidewalk before plaintiff's fall. Plaintiff responded that defendant undertook a duty to remove snow and ice on its sidewalks and violated corporate policy in its removal efforts.

¶ 12        The trial court entered an order granting summary judgment in favor of defendant, finding: (1) no evidence that the ice plaintiff slipped on was an unnatural accumulation of ice, (2) defendant did not assume a duty to remove natural accumulations of ice, (3) defendant was not subject to liability for an alleged violation of an internal company policy, and (4) defendant had no actual or constructive notice of the presence of ice on the sidewalk.

¶ 13        ANALYSIS

¶ 14        Plaintiff argues that the trial court erred in granting summary judgment to defendant because defendant voluntarily undertook a duty to remove natural accumulations of snow and ice on its sidewalks through its snow-removal policy. He further contends that defendant breached its duty by failing to remove ice from the sidewalk or warn customers of the presence of ice on the sidewalk where he fell.

¶ 15        Summary judgment "shall be rendered without delay if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2020). "Construing the evidence in a light most favorable to the nonmoving party, a trial court may only grant summary judgment if the record shows that the movant's right to relief is clear and free from doubt." *Reed v. Galaxy Holdings, Inc.*, 394 Ill. App. 3d 39, 42

4

(2009). In cases involving injuries resulting from accumulations of ice, snow, or water, "[i]n order to withstand a motion for summary judgment, a plaintiff must come forward with sufficient evidentiary materials to permit the trier of fact to find that defendant was responsible for an unnatural accumulation of water, ice or snow that caused plaintiff's injuries." *Bloom v. Bistro Restaurant Ltd. Partnership*, 304 Ill. App. 3d 707, 710 (1999).

¶ 16        While there is generally no duty to remove natural accumulations of ice and snow, a defendant who voluntarily undertakes to remove snow or ice from its property owes a duty of reasonable care and may be subject to liability if its snow and ice removal is performed negligently. *Jordan v. Kroger Co.*, 2018 IL App (1st) 180582, ¶ 20; *Tzakis v. Dominick's Finer Foods, Inc.*, 356 Ill. App. 3d 740, 746 (2005). That some ice remains after the defendant's removal efforts does not constitute negligence. See *Tzakis*, 356 Ill. App. 3d at 746.

¶ 17        Under the voluntary undertaking theory, the plaintiff must present evidence that the defendant's snow or ice removal efforts created an unnatural accumulation of ice or snow. See *Murphy-Hylton v. Lieberman Management Services, Inc.*, 2016 IL 120394, ¶ 22; *Jordan*, 2018 IL App (1st) 180582, ¶¶ 31-35; *Wells v. Great Atlantic & Pacific Tea Co.*, 171 Ill. App. 3d 1012, 1018 (1988). Where the plaintiff fails to present evidence that the ice on which he fell was an unnatural accumulation caused by the defendant, summary judgment for the defendant is proper. See *Jordan*, 2018 IL App (1st) 180582, ¶¶ 35, 41; *Wells*, 171 Ill. App. 3d at 1015.

¶ 18        A duty is not created by a defendant's self-imposed rules or guidelines. See *Rhodes v. Illinois Central Gulf R.R.*, 172 Ill. 2d 213, 238 (1996); *Fichtel v. Board of Directors of the River Shore of Naperville Condominium Ass'n*, 389 Ill. App. 3d 951, 959-60 (2009); *Shank v. Fields*, 373 Ill. App. 3d 290, 296-97 (2007); *Wade v. City of Chicago*, 364 Ill. App. 3d 773, 781 (2006); see also *Fillpot v. Midway Airlines, Inc.*, 261 Ill. App. 3d 237, 244 (1994) (airline's policy manual

5

did not create a duty to remove natural accumulations of snow and ice). "[T]he violation of a *statute* or *ordinance* designed to protect human life or property is *prima facie* evidence of negligence ***." (Emphases in original.) *Blankenship v. Peoria Park District*, 269 Ill. App. 3d 416, 422-23 (1994). However, the violation of a defendant's internal rules or guidelines do not constitute evidence of a defendant's negligence or failure to use reasonable care. See *Shank*, 373 Ill. App. 3d at 296; *Wade*, 364 Ill. App. 3d at 781.

¶ 19    Here, plaintiff alleged that defendant was liable for his injuries because it failed to remove all traces of ice from its sidewalks. Defendant's voluntary ice and snow removal efforts did not impose a duty on defendant to ensure that its sidewalks were completely clear of all ice. See *Tzakis*, 356 Ill. App. 3d at 746. Nor did defendant's internal snow-removal policy impose a duty on defendant to remove all ice from its sidewalks. See *Rhodes*, 172 Ill. 2d at 238; *Fichtel*, 389 Ill. App. 3d at 959-60; *Shank*, 373 Ill. App. 3d at 296-97; *Wade*, 364 Ill. App. 3d at 781; *Fillpot*, 261 Ill. App. 3d at 244. Defendant only had the duty not to increase the risk of harm to its customers by creating an unnatural accumulation of ice on its property. See *Jordan*, 2018 IL App (1st) 180582, ¶¶ 31-35; *Murphy-Hylton*, 2016 IL 120394, ¶ 22; *Wells*, 171 Ill. App. 3d at 1018.

¶ 20    Plaintiff failed to present any evidence that defendant's ice removal efforts created an unnatural accumulation of ice on the sidewalk where he fell. As a result, the trial court properly granted summary judgment to defendant. See *Jordan*, 2018 IL App (1st) 180582, ¶¶ 35, 41; *Bloom*, 304 Ill. App. 3d at 710; *Wells*, 171 Ill. App. 3d at 1015.

¶ 21                                CONCLUSION

¶ 22    The judgment of the circuit court of Iroquois County is affirmed.

¶ 23    Affirmed.

6

| | |
|---|---|
| **Cite as:** | *Gore v. Pilot Travel Centers, LLC*, 2021 IL App (3d) 210077 |
| **Decision Under Review:** | Appeal from the Circuit Court of Iroquois County, No. 17-L-18; the Hon. Michael C. Sabol, Judge, presiding. |
| **Attorneys for Appellant:** | Richard J. Zalasky and Ashley E. Vaughan, of Brown & Crouppen, P.C., of St. Louis, Missouri, for appellant. |
| **Attorneys for Appellee:** | Scott C. Bentivenga and Thomas M. Wolf, of Lewis Brisbois Bisgaard & Smith LLP, of Chicago, for appellee. |