2023 IL App (1st) 210836-U
Order filed: May 25, 2023

FIRST DISTRICT
FOURTH DIVISION

No. 1-21-0836

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| GLORILUZ LOPEZ, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 L 13133 |
| | ) | |
| DANUTA ANASINSKI, and DANUTA ANASINSKI, as | ) | Honorable |
| trustee/conservator of Trust Number 16-6638-40-50, | ) | Ronald F. Bartkowicz, |
| | ) | Judge, presiding. |
| Defendants-Appellees. | ) | |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Lampkin and Justice Martin concurred in the judgment.

**ORDER**

¶ 1   *Held*: Summary judgment entered in favor of defendants in this slip-and-fall case is affirmed, where there is no issue of genuine material fact that plaintiff slipped on a natural accumulation of snow and ice.

¶ 2   In this slip-and-fall case, plaintiff-appellant, Gloriluz Lopez, appeals from the circuit court's order granting summary judgment in favor of defendants-appellees, Danuta Anasinski, and Danuta Anasinski, as trustee/conservator of Trust Number 16-6638-40-50 (Anasinski). For the following reasons, we affirm.

¶ 3   Plaintiff filed a negligence complaint against Anasinski on December 6, 2018. Therein, plaintiff generally alleged that on or about December 16, 2016, she was a tenant residing in a

residential apartment building that was "owned, managed maintained and controlled" by Anasinski and located in Harwood Heights, Illinois (the property). On that date, plaintiff "walked from her car at the premises to her apartment along the walkway used for the purpose of ingress to and egress from the apartment building. While proceeding carefully along the apartment walkway to her unit, Plaintiff slipped and fell on a patch of ice which was covered with snow, thereby suffering serious injury." The complaint also alleged that "[a]pproximately five days prior to Plaintiff's injury, snow fell in the area of [Anasinski's] apartment building with intervening melting, freezing and snowfall."

¶ 4    The complaint further alleged that her injury was proximately caused by Anasinski's breach of her duties to:

"a. Safely own, operate, manage, maintain and control the apartment building and property;

b. Provide a safe walking surface for tenants and invitees;

c. Provide a safe means of ingress and egress from the walkway to the entrance of the apartment building;

e. Make a reasonable inspection of the property and walkway to ensure that it was reasonably safe for tenants and invitees to walk on;

f. Remove or remedy any dangerous conditions to exist on its premises;

g. Warn of the dangerous condition of the property; and

h. Otherwise act with due care and without negligence in and about the ownership, operation, management, maintenance and control of the aforesaid property."

Plaintiff sought damages in excess of $100,000 for Anasinski's purported negligence.

¶ 5    Anasinski filed an answer denying the material allegations of the complaint, Anasinski also

filed an affirmative defense contending that plaintiff's injuries were actually caused by plaintiff's "breach of her duty of care when she committed one or more of the following negligent acts and/or omissions:

> (a) Failed to keep a proper lookout for her own safety;
>
> (b) Failed to properly watch where she was going;
>
> (c) Failed to observe the open and obvious condition complained of;
>
> (d) Otherwise proceeded in a careless manner such that she lost her balance and fell;
>
> (e) Proceeding to walk into an area which she could tell may present a danger to her;
>
> (f) Fell on a natural accumulation of ice and/or snow."

There is no indication in the record that plaintiff filed a response to Anasinski's affirmative defense.

¶ 6    The parties thereafter engaged in discovery, including taking the depositions of plaintiff and Anasinski. We need not detail the evidence produced in discovery in any detail for purposes of this appeal. It is sufficient to note that it was undisputed that plaintiff fell on Friday, December 16, 2016, and that it had snowed the prior Sunday and possibly Monday and Tuesday as well. While Anasinski had removed snow and ice from the property in the past, she did not take any steps to remove snow or ice from the property in the week prior to plaintiff's fall.

¶ 7    Anasinski thereafter filed a motion for summary judgement, attaching as exhibits the complaint, photos of the property, and transcripts of the two depositions. Therein, Anasinski contended that summary judgement in her favor was warranted because Illinois does not impose liability upon a landowner for injuries caused by natural accumulations of snow, ice, or water, and the undisputed evidence in this case established that plaintiff slipped on a natural accumulation of snow and ice.

¶ 8    In her response to the motion for summary judgment plaintiff first contended that the evidence showed that she fell on an unnatural accumulation of snow and ice, because Anasinski's "failure to even attempt to clear the means of ingress and egress aggravated the natural *** accumulation as people tread over the area compacting the snow and ice and created a dangerous condition." Plaintiff then contended that the evidence of Anasinski's prior practice of clearing snow and ice from the property amounted to a "voluntary undertaking" pursuant to which Anasinski assumed a duty to clear snow and ice from the property, a duty that Anasinski violated when no effort was made to remove snow and ice from the property in the week before plaintiff's fall. Finally, plaintiff asserted that her fall was the result of Anasinski's failure to comply with certain duties imposed by local ordinances adopted in Harwood Heights.

¶ 9    In an order entered on June 16, 2021, the circuit court granted Anasinski's motion for summary judgment. The circuit court found that it was undisputed that plaintiff slipped on an open and obvious natural accumulation of snow and ice, and Anasinski had no duty to warn plaintiff about such a condition or to remove that snow and ice. The court also concluded that while plaintiff was "correct in that when a landlord *does* voluntarily undertake to remove snow and ice, they have a duty to use reasonable care while doing so *** it is undisputed that [Anasinski] did not undertake to remove the subject snow and ice related to Plaintiff's slip and fall." The circuit court did not specifically address plaintiff's arguments regarding the statutory duties purportedly imposed by local ordinances adopted in Harwood Heights. Plaintiff timely appealed.

¶ 10   Summary judgment is properly granted where the pleadings, depositions, and admissions on file, together with any affidavits, indicate there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2–1005(c) (West 2020). The court must examine the evidence in the light most favorable to the nonmoving party (*Pavlik v.*

*Wal–Mart Stores, Inc.*, 323 Ill. App. 3d 1060, 1063 (2001)), and must construe the material strictly against the movant and liberally in favor of the nonmovant (*Espinoza v. Elgin, Joliet and Eastern Railway Company*, 165 Ill. 2d 107, 113 (1995)). Although a drastic means of disposing of litigation, summary judgment is nonetheless an appropriate measure to expeditiously dispose of a suit when the moving party's right to the judgment is clear and free from doubt. *Gaston v. City of Danville*, 393 Ill.App.3d 591, 601 (2009).

¶ 11 A "defendant moving for summary judgment bears the initial burden of production." *Nedzvekas v. Fung*, 374 Ill. App. 3d 618, 624 (2007). The defendant may satisfy this "burden of production in two ways: (1) by affirmatively showing that some element of the case must be resolved in his favor, [citation omitted]; or (2) by establishing 'that there is an absence of evidence to support the nonmoving party's case.' " *Id*. When the defendant has met this initial burden, the burden shifts to "the plaintiff to present a factual basis which would arguably entitle her to a favorable judgment." *Id*. A plaintiff is not required to prove her case in response to the motion for summary judgment, but must present evidentiary facts to support the elements of the cause of action. *Richardson v. Bond Drug Company of Illinois*, 387 Ill. App. 3d 881, 885 (2009).

¶ 12 An order granting a motion for summary judgment is subject to a *de novo* standard of review. *Millennium Park Joint Venture, LLC v. Houlihan*, 241 Ill. 2d 281, 309 (2010). As such, we perform the same analysis that a circuit court would and give no deference to the circuit court's conclusions or specific rationale. *Milevski v. Ingalls Memorial Hospital*, 2018 IL App (1st) 172898, ¶ 26. This court may, therefore, affirm the judgment of the circuit court on any basis that appears in the record, regardless of whether the circuit court relied upon that basis or whether the circuit court's reasoning was correct. *Retirement Plan for Chicago Transit Authority Employees v. Chicago Transit Authority*, 2020 IL App (1st) 182510, ¶ 34.

¶ 13 A plaintiff bringing a negligence claim must prove the defendant owed her a duty of care, the defendant breached that duty, and this breach was the proximate cause of her injury. *Krywin v. Chicago Transit Authority*, 238 Ill. 2d 215, 236 (2010). Summary judgment is properly entered for the defendant where plaintiff fails to establish one of these elements. *Pavlik*, 323 Ill. App. 3d at 1063. The existence of a duty is a question of law for the court to decide. *Espinoza*, 165 Ill. 2d at 114.

¶ 14 Property owners and business operators have a general duty to provide a reasonably safe means of ingress to and egress from their business. *Reed v. Galaxy Holdings, Inc*., 394 Ill. App. 3d 39, 42 (2009). However, "[u]nder the natural accumulation rule, a landowner or possessor of real property has no duty to remove natural accumulations of ice, snow, or water from its property." *Krywin*, 238 Ill. 2d at 227. It is irrelevant whether a natural accumulation remains on the property for a purportedly "unreasonable" length of time, and furthermore, because landowners and possessors of real property are not liable for failing to remove natural accumulations of water, owners and operators also have no duty to warn of such conditions. *Reed*, 394 Ill. App. 3d at 42-43.

¶ 15 Thus, "[t]o establish a duty, the plaintiff must make an affirmative showing of an unnatural accumulation or an aggravation of a natural condition before recovery will be allowed." *Choi v. Commonwealth Edison Co.*, 217 Ill. App. 3d 952, 957 (1991). " 'In absence of such a showing, summary judgment for defendant is appropriate since the court owes no duty to reason some remote factual possibility.' " *Id.* (quoting *Shoemaker v. Rush–Presbyterian–St. Luke's Medical Center*, 187 Ill. App. 3d 1040, 1043 (1989)). Any assertion that the accumulation was unnatural or an aggravation of a natural condition based solely on speculation is not enough to raise a genuine

issue of material fact. *Frederick v. Professional Truck Driver Training School, Inc*., 328 Ill. App. 3d 472, 477 (2002).

¶ 16     Here, plaintiff's complaint alleged only that she "slipped and fell on a patch of ice which was covered with snow," and that "[a]pproximately five days prior to Plaintiff's injury, snow fell in the area of [Anasinski's] apartment building with intervening melting, freezing and snowfall." Furthermore, the undisputed evidence established only that plaintiff fell on a Friday, and it had snowed the prior Sunday and possibly Monday and Tuesday as well. As such, there was no evidence that the snow and ice on the property at the time of plaintiff's fall was anything other than a natural accumulation. While plaintiff complains about the amount of time the snow and ice remained on the property and the fact that the "snow on the pathway to the garage was packed down from people walking on it," it is irrelevant whether a natural accumulation remains on the property for a purportedly "unreasonable" length of time (*Reed*, 394 Ill. App. 3d at 42-43) and a "landowner does not have a duty to remove the tracks left by [those] who have walked through natural accumulations of snow" (*Stypinski v. First Chicago Building Corp.*, 214 Ill. App. 3d 714, 716 (1991)). Thus, Anasinski met her burden to show that she owed plaintiff no duty under the natural accumulation rule, plaintiff did not make an affirmative showing of an unnatural accumulation or an aggravation of a natural condition, and summary judgment was therefore properly entered in favor of Anasinski.

¶ 17     Even if there was any doubt as to this issue, we note again that Anasinski filed an affirmative defense asserting that plaintiff fell on a "natural accumulation of ice and/or snow" and the record does not indicate that plaintiff filed a response to that defense. It is well-recognized that the failure to reply to an affirmative defense constitutes an admission of the allegations contained therein. *Filliung v. Adams*, 387 Ill. App. 3d 40, 56 (2008).

¶ 18    In so ruling, we reject several arguments raised by plaintiff on appeal. First, plaintiff correctly notes that Illinois has adopted the rules set forth in sections 343 and 343A of the Restatement (Second) of Torts regarding the duty of possessors of land to their invitees. *Ward v. K Mart Corp.*, 136 Ill. 2d 132, 145-46 (1990) *Genaust v. Illinois Power Company*, 62 Ill. 2d 456, 468 (1976). Section 343 provides:

> "A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger."
>
> Restatement (Second) of Torts § 343, at 215-16 (1965).

¶ 19    Section 343A provides the following exception to section 343:

> "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."
>
> Restatement (Second) of Torts § 343A(1), at 218 (1965).

¶ 20    Plaintiff essentially contends that the natural accumulation rule is in conflict with these sections, and invites this court to reject the traditional rule in favor of the liability rules established under the Restatement. However, while Illinois has *generally* adopted sections 343 and 343A of the Restatement (Second) of Torts, the natural accumulation rule is a well-recognized and well-

established exception to those sections. *Zahumensky v. Chicago White Sox, Ltd.*, 2019 IL App (1st) 172878, ¶ 62 ("The 'natural accumulation rule' is an exception to the general rule that a possessor of land is liable for physical harm caused to its invitees by known dangerous conditions on the land (Restatement (Second) of Torts § 343(a) (1965))"). Courts have repeatedly declined to depart from the natural accumulation rule, and we do the same here. See *Tzakis v. Dominick's Finer Foods, Inc.*, 356 Ill. App. 3d 740, 748 (2005); *Fillpot v. Midway Airlines, Inc.*, 261 Ill. App. 3d 237, 243 (1994).

¶ 21    Second, plaintiff notes that while "there is generally no duty to remove natural accumulations of ice and snow, a defendant who voluntarily undertakes to remove snow or ice from its property owes a duty of reasonable care and may be subject to liability if its snow and ice removal is performed negligently. *Gore v. Pilot Travel Centers, LLC*, 2021 IL App (3d) 210077, ¶ 16. According to plaintiff, the evidence established that Anasinski had historically took upon herself the task of removing snow and ice from the property, and she violated the "voluntary undertaking" rule and acted negligently when she made no effort to clear the snow and ice from the property in the week prior to her fall. We reject this argument for two reasons.

¶ 22    As an initial matter, the complaint itself contains no specific allegations to support plaintiff's voluntary undertaking argument, which was first raised in response to Anasinski's motion for summary judgment. "[A] response to a motion for summary judgment is not the proper vehicle to assert new factual allegations that should have been included in the underlying complaint. 'When ruling on a motion for summary judgment, the trial court looks to the pleadings to determine the issues in controversy. [Citation.] If a plaintiff desires to place issues in controversy that were not named in the complaint, the proper course of action is to move to amend the

complaint.' " *Abramson v. Marderosian*, 2018 IL App (1st) 180081, ¶ 55 (quoting *Filliung*, 387 Ill. App. 3d at 51. Thus, it is improper for plaintiff to rely on these arguments here.

¶ 23    Moreover, even if we were to consider these contentions, we would find them without merit. The voluntary undertaking doctrine does not impose liability for a mere failure to clear ice and snow; rather "[u]nder the voluntary undertaking theory, the plaintiff must present evidence that the defendant's snow or ice removal efforts created an unnatural accumulation of ice or snow." *Gore,* 2021 IL App (3d) 210077, ¶ 17. We reiterate that no such evidence has been presented here.

¶ 24    Third and finally, plaintiff asserts that Anasinski owed her a duty to clear snow and ice from the property pursuant to local ordinances adopted by Harwood Heights. Plaintiff notes that at the time of plaintiff's fall, Harwood Heights had adopted the International Maintenance Code, 2009 Edition, as its Property Maintenance Code. See Harwood Heights Municipal Code § 15.40.010(A) ("A certain document, a copy of which is on file in the office of the village clerk, marked and designated as International Property Maintenance Code, 2009 Edition' as published by the International Code Council, Inc. is adopted as the Property Maintenance Code of the Village of Harwood Heights."). Plaintiff then cites to certain portions of the International Property Maintenance Code, 2009 Edition, that purportedly define a "Dangerous structure or premises" to include "*[t]he walking surface of any aisle, passageway, stairway, exit or other means of egress [that] is so warped, worn loose, torn or otherwise unsafe as to not provided safe and adequate means of egress*" (emphasis in original) and requires that "[a]ll sidewalks, walkways, stairs, driveways, parking spaces and similar areas shall be kept in a proper state of repair, and maintained free from hazardous conditions." Plaintiff contends that these provisions created a duty on the part of Anasinski to clear snow and ice from the property, a duty she violated when she failed to do so prior to plaintiff's fall. We reject this contention for several reasons.

¶ 25    Initially, once again the complaint contains no allegations to support these contentions, which were once again improperly raised for the first time in response to the motion for summary judgment. Furthermore, neither the relevant provisions of the Municipal Code of Harwood Heights nor the International Property Maintenance Code, 2009 Edition, were included in the record below or on appeal, and plaintiff has never asked either the circuit court or this court to take judicial notice of those documents. While judicial notice may be taken of the ordinance even if not presented to the trial court (*Szczurek v. City of Park Ridge*, 97 Ill. App. 3d 649, 658 (1981); see also 735 ILCS 5/8-1001 (West 2020)), the ordinance at issue here merely refers to the International Property Maintenance Code, 2009 Edition. The crucial language is included in that document, a document that has never been provided to the circuit court or this court and has never been subject to a request for judicial notice. See *People v. Varnado*, 66 Ill. App. 3d 413, 419 (1978) (A court is not required to take judicial notice of a fact without a proper request to do so.); *Cook County Board of Review v. Property Tax Appeal Board*, 339 Ill. App. 3d 529, 542 (2002) ("A court will not take judicial notice of critical evidentiary material not presented in the court below or of evidence that may be significant in the proper determination of the issues between the parties.").

¶ 26    Even if we were to consider this argument further, we would find it without merit. While it is true that a "violation of a statute or ordinance designed to protect human life or property is *prima facie* evidence of negligence*** [a] party injured by such a violation may recover only by showing that the violation proximately caused his injury and the statute or ordinance was intended to protect a class of persons to which he belongs from the kind of injury that he suffered." *Kalata v. Anheuser-Busch Companies, Inc.*, 144 Ill. 2d 425, 434(1991). While the cited portions of the International Property Maintenance Code, 2009 Edition, generally provide that owners of property must provide "*safe and adequate means of egress*" (emphasis in original) and requires that "[a]ll

- 11 -

sidewalks, walkways, stairs, driveways, parking spaces and similar areas shall be kept in a proper state of repair, and maintained free from hazardous conditions," those provisions are completely silent as to the removal of snow and ice. Plaintiff has therefore not shown that Anasinski's failure to remove snow and ice from the property violated the ordinance in any way, and has thus not presented *prima facie* evidence of negligence resulting from any such purported violation.

¶ 27    For the foregoing reasons, summary judgment was properly granted in favor of Anasinski, and we therefore affirm the judgment of the circuit court.

¶ 28    Affirmed.